French *v.* Coff Decorators et al., Appellants.

Argued September 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Robert S. Grodinsky,* with him *Kaplan, Levy and Grodinsky,* for employer, appellant.

*Ralph P. Higgins,* with him *Harper, George, Buchanan & Driver,* for insurer, appellant.

*Laurence H. Eldredge,* with him *Francis X. Diebold,* for claimant, appellee.

OPINION BY WOODSIDE, J., November 15, 1962:

In this workmen's compensation case, the pivotal issue is whether the claimant was in the scope of his employment when he was injured. The referee denied the claimant compensation, holding that the accident

occurred when the employe was outside the scope of his employment. The Workmen's Compensation Board reversed this decision, and the Court of Common Pleas No. 5 of Philadelphia affirmed the board's decision granting compensation to the employe. This appeal followed.

It is the board, and not the court, which weighs the testimony of witnesses and accepts or rejects it in whole or in part, and the findings of the board are final if supported by competent evidence. *Goodman v. University Shop, Inc.*, 195 Pa. Superior Ct. 129, 131, 169 A. 2d 316 (1961).

The board found from competent evidence substantially as follows: The claimant was engaged in work for the defendant at an average weekly wage of $40. The defendant's business was that of a decorator. The claimant picked up and delivered drapes and bed spreads and he also hung drapes. In the course of his employment, the claimant, although only 16 years of age, drove the defendant's truck or station wagon every day and his area required him to traverse the City of Philadelphia and its suburbs and sometimes parts of New Jersey.

On Friday afternoon, November 13, 1959, the claimant was told by his employer that he would have to work the next day. In the late afternoon of that day, the claimant loaded his truck with drapes at 1001 Kerper Street, Philadelphia, which was the defendant's home, and from which point the defendant conducted part of his business. The defendant employer instructed the claimant to take the truck home with him so that he could start out the next morning without going back to the employer's home.

The claimant loaded the truck with drapes, and then left his employer's house at about seven o'clock that evening. He then went to have gasoline put into the truck and to have some minor repairs made. From

there he went to "Big Boy's", a drive-in restaurant, located at Cottman Street and Roosevelt Boulevard in Philadelphia. The claimant arrived at the restaurant between 7:30 and 8:30 o'clock that evening and ate there. While at the restaurant, the claimant met three of his friends. They discussed automobiles that were for sale. He was told by one of his friends that there was a car for sale at a gasoline station at Roosevelt Boulevard and City Line Avenue. His three friends climbed into the defendant's truck and, along with the claimant, went to look at the car. They left the restaurant at about 10:00 o'clock, and drove up to the gasoline station where the used car was for sale. They arrived there about 10:50 o'clock. The gasoline station was closed, but the claimant and his three companions looked at the car and then got back into the truck and started towards the claimant's home. The testimony shows that it was the claimant's intention to drop the boys off on the way to his home. On his way home, the claimant left Roosevelt Boulevard and used a short cut that leads into Mechanicsville Road. As he was proceeding along this road, he was confronted with a dense fog, lost control of the truck, it skidded, hit a pole and turned over. The claimant suffered injuries for which the within claim petition was filed.

The claimant lived at 9364 Annapolis Road, Philadelphia. When he stopped at Big Boy's Restaurant, he was on a direct route from his employer's home to his own home. If he would have gone directly home from the restaurant, he would have traveled approximately four miles. The distance from the restaurant to the service station was about seven miles. The testimony is inconclusive to establish the distance from the service station to the claimant's home.

Whether the claimant was in the course of employment is a question of law for the courts to decide, and each case must be disposed of on its own peculiar facts.

*Goodman v. University Shop, Inc.,* supra, 195 Pa. Superior Ct. 129, 133, 169 A. 2d 316 (1961).

An injury occurring off the premises of the employer is compensable when the employe is actually engaged, rather than constructively engaged, in the business or affairs of his employer. *Miller v. Schiffner,* 196 Pa. Superior Ct. 84, 88, 173 A. 2d 707 (1961).

In this case the employe's main duty was the delivery of his employer's goods. His employment was principally off-premises employment. "As such the term 'course of employment' must be given a more liberal construction than where the employment is to be performed on the premises." *Mitchell v. Holland Furnace Co.,* 189 Pa. Superior Ct. 82, 85, 86, 149 A. 2d 662 (1959).

In *Mitchell v. Holland Furnace Co.,* supra, a salesman, with an assistant manager for the employer, asked and received permission from a prospective customer to pick cherries from his tree. The salesman fell from the tree and was killed. This court held that the decedent was in the course of his employment in that the cherry picking was part of his sales duties, and even if it were not part of his duties, it was such a slight deviation as not to break the course of his employment.

In the case now before us, the claimant was in the course of his employment in taking the truck from his employer's home to his own home. He did not take the truck home for his personal convenience, but for the convenience of his employer. When he took the truck for gas and when he stopped to eat, he was between his employer's home and his own home. The question here is whether, in using the truck to look at a car several miles beyond his home, the deviation was sufficient to take him out of the course of his employment. The thin line between a disqualifying deviation and one so slight as not to disqualify the claimant is diffi-

cult to draw in cases like this. In the final analysis, it is a matter of judgment. The board and the court below considered the deviation slight and not disqualifying. We are not convinced that we should reverse this conclusion. See *Kramer v. Philadelphia*, 179 Pa. Superior Ct. 129, 116 A. 2d 280 (1955).

An incident necessary to constitute a break in employment must be of a pronounced character. *White v. Morris et al.*, 182 Pa. Superior Ct. 454, 127 A. 2d 748 (1956). That the claimant had friends in the truck with him at the time of the accident is not controlling. The board found that he probably would have taken the same route home even if his friends had not been along.

Under all the circumstances of this case, we believe that the claimant's deviation was not substantial enough to constitute a break in his employment.

Decision affirmed.

---

DISSENTING OPINION BY MONTGOMERY, J.:

I dissent because the admitted facts lead to no other conclusion than that claimant had deviated from the course of his employment, and was definitely on an excursion in furtherance of his own interests, when the accident occurred.

I dissented in the case of *Goodman v. University Shop, Inc.*, 195 Pa. Superior Ct. 129, 169 A. 2d 316, and am not in sympathy with this Court's decision in the so-called "cherry-picking" case of *Mitchell v. Holland Furnace Company*, 189 Pa. Superior Ct. 82, 149 A. 2d 662, for the same reason.

Liberal as we are expected and desire to be in giving coverage to injured workmen under the Workmen's Compensation Act, when they engage in purely personal ventures, without any connection with their employers' businesses, there is no justification in law or rea-

son why this Court should strain to impose liability on the employers for their employes' accidents on such occasions.