472

Maher *v.* Hallmark Cards, Inc. et al., Appellants.

Argued March 21, 1966.   Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Richard D. Harburg,* with him *Swartz, Campbell & Detweiler,* for appellants.

*Charles F. Quinn,* with him *Sheer & Mazzocone,* for appellee.

474

This is a workmen's compensation case. The employer and its insurance carrier have appealed from a judgment entered by Court of Common Pleas No. 7 of Philadelphia County following the affirmance of an award made by the compensation authorities. The factual situation is summarized in the following excerpt from the opinion of the Board:

"James Maher was employed by the defendant as a salesman, his territory for sales being North Philadelphia. On Friday, August 17, 1962, at the request of a fellow employe, James Boyd, the decedent traveled to the Charles News Agency in Downingtown, Pennsylvania, where the decedent and Boyd assisted two other salesmen in setting up a greeting card display. The installation began in the morning and continued until about 7:00 P.M. that evening. At about 7:45 P.M. the installation was completed and the decedent, with two of the other three salesmen, went to the Swan Hotel across the street where the decedent drank four to six bottles of beer while engaged in conversation with the other two salesmen about their business affairs. About midnight the decedent left the Hotel and separated from the others at the parking lot. Approximately one hour later the decedent was killed when his automobile crossed into the opposite lane of traffic and struck an oncoming tractor-trailer. The accident occurred within Downingtown; the decedent's auto was headed in the direction of Philadelphia".

The Referee made, inter alia, the following finding of fact: "5. That at the time of the accident the claimant's decedent was returning from a job performed by him for the defendant in an automobile furnished by the defendant". The Referee concluded as a matter of law "that, since claimant's decedent sustained an accident while in the course of his employment with the defendant as a result of which he died, his dependent

widow and two minor children are entitled to compensation". The Board similarly found that, at the time of the accident, claimant's decedent was in the course of his employment. As previously indicated, the decision of the Board was affirmed by the court below, and this appeal followed.

Appellants here advance the same two contentions which were unsuccessfully asserted before the compensation authorities and in the court below, namely: "1. Decedent was not in the course of his employment while he was simply voluntarily assisting a co-employe with the physical labor of installing a card display, outside of his own sales territory, and without any order or direction by his employer to do so. 2. Decedent was not in the course of his employment following a deviation of over six hours during which time he performed no employment activity whatsoever, either directed or ordered by his employer, and was at a place where his presence was not required by the nature of his regular employment".

In our consideration of this appeal it is important to bear in mind that decedent's employment was primarily off-premises. He was a sales representative whose office was in his home, where he had a desk, a file, and use of a typewriter. The car he operated was registered in the State of Missouri under the employer's ownership. A fellow sales representative, John McDermott, testified that he and decedent, with James Boyd and Don Barney, had an assignment in Downingtown to install a greeting card department at the Charles News Agency. This was "what we call a complete installation in that it was the old fixtures were removed from the store, remodeled completely . . . and our job was to install the new place, the new fixtures and the cards go on those fixtures". After this installation was completed, the parties adjourned to the Swan Hotel "with the idea of a few beers and some dis-

cussion on the installation . . . That is not unusual for after an installation to have that type of thing for the salesmen to get together and discuss possibly better ways of getting this thing done where we can probably eliminate a heck of a lot of work involved. That is, eighty percent of the discussion was business".

Whether the decedent was in the course of his employment when fatally injured is a question of law: *Rybitski v. Lebowitz*, 175 Pa. Superior Ct. 265, 104 A. 2d 161. The phrase "course of employment" is to receive a liberal construction, and the evidence must be viewed in the light most favorable to the claimant who has the Board's decision: *Hesselman v. Somerset Community Hospital*, 203 Pa. Superior Ct. 313, 201 A. 2d 302. An employe need not necessarily be engaged in the actual performance of work at the moment of injury: *Keim v. Burkholder*, 182 Pa. Superior Ct. 460, 127 A. 2d 752. It is enough if he is occupying himself consistently with his contract of employment in a manner reasonably incidental thereto: *Combs v. Cole Bros. Circus*, 165 Pa. Superior Ct. 346, 67 A. 2d 791. Appellants argue that decedent's assigned territory for sales was North Philadelphia, that he was not in this territory at the time of the accident, and was not then engaged in any sales activity. However, the uncontradicted testimony established that it was a part of the duties of a sales representative to set up card displays, and that the various salesmen assisted each other in doing so. It should be noted that it took four men the better part of a day to arrange the display at the Charles News Agency. Decedent's help in assembling this display not only fostered good will, but also entitled him to similar assistance within his own sales territory.

Appellants argue that decedent was merely performing physical labor on a voluntary basis, citing *Miller v. Greene County*, 171 Pa. Superior Ct. 494, 90 A. 2d 262.

That case did not involve a salesman off the premises. Furthermore, the Board denied compensation. While the case at bar shows no express order or direction by the employer for its salesmen to do the type of work performed by decedent on the day in question, there was undisputed testimony on behalf of the claimant that it was part of the decedent's duty to help the other salesmen. The very nature of their employment made it necessary for salesmen to arrange and set up card displays. In so doing, they were unquestionably furthering the employer's interests. As was the court below, we are in accord with the conclusion of the Board "that such work was a duty expected of all salesmen working for the defendant company".

Appellants' alternate argument is that decedent's duties were completed when he stopped work at the Charles News Agency, and that "the period in excess of six hours during which he served his own purposes only, and performed no duty whatsoever for his employer, certainly constitutes a significant, material and pronounced deviation". This contention runs counter to the uncontradicted testimony. The course of employment of an outside salesman is necessarily broader than that of an on the premises employe: *Wolfingbarger v. Addressograph-Multigraph Corp.,* 188 Pa. Superior Ct. 136, 146 A. 2d 309. In that case, we made the following pertinent statement: "Where an employe starts out on the business of his employer and is later fatally injured, a presumption is raised that he was engaged in the furtherance of his employer's business at the time of the accident and a slight deviation will not take the employe out of the course of his employment . . . The incident necessary to constitute a break in the course of the employment must be of a pronounced character". The line between a disqualifying deviation and one so slight as not to disqualify a claimant is a matter of judgment for the compensation

authorities: *French v. Coff Decorators,* 199 Pa. Superior Ct. 482, 185 A. 2d 646. In the instant case the Board aptly stated: "We are not inclined to consider the stop at the Swan Hotel as such a deviation, nor should the unaccounted hour change this. We believe it was still the completion of the employer's tasks when Maher started home. 'The homeward trip was a necessary part of the business excursion' ".

The cases relied upon by appellant[1] are not controlling. None of them involved salesmen. In each of them the Board found against the claimant. The continuity of employment is not broken unless the employe's activity constitutes an abandonment of his employment: *Hadfield v. American Soc. of Comp., Auth. & Pub.,* 174 Pa. Superior Ct. 394, 101 A. 2d 423. This record contains nothing, either directly or by inference, to indicate that there was any departure from, or abandonment of, decedent's course of employment. Cf. *Mitchell v. Holland Furnace Co.,* 189 Pa. Superior Ct. 82, 149 A. 2d 662; *Goodman v. University Shop,* 195 Pa. Superior Ct. 129, 169 A. 2d 316.

Judgment affirmed.

MONTGOMERY, J., dissents.

---

[1] *Newman v. Congregation of Mercy and Truth,* 196 Pa. Superior Ct. 350, 175 A. 2d 160; *Dandy v. Glaze,* 197 Pa. Superior Ct. 218, 177 A. 2d 157; *Leigh v. J. J. Clearkin, Inc.,* 197 Pa. Superior Ct. 564, 179 A. 2d 654.