## Farrell v. The House of Seagram, Inc., et al.

Argued February 8, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Fred Lowenschuss,* with him *Fred Lowenschuss Associates,* for appellant.

*Joseph J. Murphy,* with him *Robert J. Murphy, Thomas Murphy* and *Murphy, Murphy & Murphy,* for appellees.

OPINION BY JUDGE ROGERS, March 7, 1973:

The only issue in this workmen's compensation case is whether the claimant, Frank J. Farrell, was ". . . actually engaged in the furtherance of the business or affairs of [his] employer . . ."[1] on an evening in December 1963 when he suffered serious injuries on the sidewalk adjacent to a Philadelphia tavern called The Pub.

The Workmen's Compensation Board, which the court below affirmed, concluded that the claimant was not at the time he was injured or for some time prior thereto engaged in his employer's business. While the issue so decided was one of law, its determination must necessarily be based upon the facts. *Walden v. Williams Bros. Corp.,* 167 Pa. Superior Ct. 289, 74 A. 2d 762 (1950); *Wolfingbarger v. Addressograph-Multigraph Corp.,* 188 Pa. Superior Ct. 136, 146 A. 2d 309 (1958); *Peccon v. Francis Market,* 207 Pa. Superior Ct. 36, 215 A. 2d 261 (1965). It is for the compensation authorities to determine the facts and their findings if

---

[1] Section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §411.

supported by competent evidence are binding upon reviewing courts. *White v. Morris,* 182 Pa. Superior Ct. 454, 127 A. 2d 748 (1956). This is so whether the facts are adverse to or in favor of the claimant. *Landis v. General Motors Corp.,* 180 Pa. Superior Ct. 332, 119 A. 2d 645 (1956).

The claimant was employed by the House of Seagram or Four Roses Distillers Co., the named employers, as a salesman representative. He called on large users of alcoholic beverages, attempted to induce them to use his employer's products and made purchases for them at state stores. In his claim petition he alleged that he was ". . . seeking to make a business telephone call [at The Pub] when he was set upon, beaten and robbed."

There was extensive evidence concerning the claimant's activities on the evening in question. The Board rejected the claimant's testimony that he entered The Pub at about five o'clock in the evening ". . . looking for a phone, I didn't get a phone, I came back out and this is when something hit me from behind and that's all I know." It accepted the testimony of the manager of The Pub that the claimant was in The Pub for two hours during which he was "obnoxious" to the employees and staff, was ordered from the premises six to eight times only to reappear, and finally, in attempting to assault the manager, fell to the ground just outside the street entrance to the establishment; that of the claimant's employment superior who testified that The Pub was not a business account[2] assigned to Mr.

---

[2] The claimant contended at the hearings that he entered The Pub for the additional purpose not alleged in his claim petition of promoting his employer's products.

The claimant also contends that the fact that there were cases of whiskey in the trunk of his automobile parked nearby, proves that he was in the course of his employment while at The Pub.

Farrell; and that of the police who, apparently summoned by employees of The Pub, found claimant injured on the sidewalk.

In view of the Board's findings, the case of *Maher v. Hallmark Cards, Inc.,* 207 Pa. Superior Ct. 472, 218 A. 2d 593 (1966), principally relied on by the claimant, does not aid his cause. In *Hallmark,* the employee had worked all day on an out-of-town assignment and then drank beer and discussed work with fellow employees at a nearby bar. The Board and the Superior Court concluded that the employee was still occupying himself consistently with his employment when killed in an automobile accident on his way home. Here, the Board made findings concerning the claimant's conduct and employment clearly supporting a contrary conclusion, to wit, that Mr. Farrell while at The Pub was not occupied in his employment. We agree. That there are some points of similarity between the facts in this case and those of *Hallmark,* or of other cases cited by the appellant, is of no consequence in view of the vast differences between the claimant's conduct during the several hours before his mishap and that of any successful workmen's compensation claimant of which we have found a record.

The Board's order is affirmed.

------

The mere possession of the paraphernalia of the job does not, of course, prove engagement in employment.