Macke Vending Company v. Elizabeth J. Abrams, w/o Nicholas, and Workmen's Compensation Appeal Board. Macke Vending Company, Appellant.

Argued October 7, 1976, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Joseph A. Murphy,* with him *John R. Lenahan, Sr., John R. Lenahan, Jr.,* and *Lenahan, Dempsey & Murphy,* for appellant.

*M. J. DeSisti,* with him *David B. Keeffe, DeSisti and Keeffe,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, November 1, 1976:

This is an appeal from the decision of the Workmen's Compensation Appeal Board affirming the decision of the Referee which awarded benefits to the claimant for the death of her husband, Nicholas Abrams, who was killed at 1:00 A.M. on June 14, 1974 in an automobile accident while traveling in a car driven by co-employee, Ronald E. Burnett. The decedent, whose usual place of employment was in Athens, Pennsylvania, was directed by the Macke Vending Company to attend an employee meeting on June 13, 1974 in Williamsport, Pennsylvania. The decedent made the trip with Mr. Burnett and another

employee, Richard E. Sine, and arrived in Williamsport at approximately 4:00 P.M. on that date. The decedent attended the meeting as well as a dinner provided by the employer at the local V.F.W. After the dinner the decedent and his co-employees visited a friend near Williamsport and stayed until approximately 11:30 P.M. when they departed Williamsport for the trip home which proved fatal to Mr. Abrams.

The employer maintains that the decedent, when killed, had departed his employment, was engaged in the furtherance of his own affairs and pleasure and had not reentered the duties of employment. The issue here is:

> whether [the decedent's] death was 'sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer. . . .' The Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411. This issue is one of law to be determined on the facts found by the compensation authorities. Farrell v. The House of Seagram, Inc., 8 Pa. Commonwealth Ct. 69, 301 A.2d 121 (1973); Henry v. Lit Brothers, Inc., 193 Pa. Superior Ct. 543, 165 A.2d 406 (1960). The phrase 'actually engaged in the furtherance of business or affairs of the employer' (usually expressed in the more restrictive term 'in the course of employment') must be given a liberal construction, and the evidence must be viewed in the light most favorable to the claimant who has the Board's decision. Maher v. Hallmark Cards, Inc., 207 Pa. Superior Ct. 472, 218 A.2d 593 (1966).

*Feaster v. S. K. Kelso & Sons*, 22 Pa. Commonwealth Ct. 20, 23, 347 A.2d 521, 523 (1975).

In *Feaster, supra,* compensation was awarded where the workman was drowned at a company picnic at which his presence was voluntary and which he was not paid for attending. In the instant case, the de-

cedent was directed to attend this meeting in Williamsport during normal working hours and was provided with a meal afterwards at the employer's expense. *Wolfingbarger v. Addressograph-Multigraph Corp.*, 188 Pa. Superior Ct. 136, 140, 146 A.2d 309, 311 (1958) states: "Where an employe starts out on the business of his employer and is later fatally injured, a presumption is raised that he was engaged in the furtherance of his employer's business at the time of the accident and a slight deviation will not take the employe out of the course of his employment; Kolassa v. Stubnichie, 110 Pa. Superior Ct. 152, 167 A. 246. The incident necessary to constitute a break in the course of the employment must be of a pronounced character." *Accord, Maher v. Hallmark Cards, Inc.*, 207 Pa. Superior Ct. 472, 477, 218 A.2d 593, 596 (1966). In *Maher, supra,* a workman was killed in an automobile accident after drinking beer during some of the five hours which elapsed after he completed his work and until his death in an automobile accident. The court therein upheld an award of compensation and said, "[t]he line between a disqualifying deviation and one so slight as not to disqualify a claimant is a matter of judgment for the compensation authorities: French v. Coff Decorators, 199 Pa. Superior Ct. 482, 185 A.2d 646." *Maher, supra,* at 477-78, 218 A.2d at 596.

We are unable therefore to conclude in law that the decedent's deviation from the course of his employment was of so pronounced a character as to require a reversal of the decision of the Referee and Board.

Appellant also says that because the driver of the vehicle in which Abrams died had a blood alcohol reading which by law provided a presumption of intoxication, we should conclude that the decedent knew, or should have known, that it was dangerous to ac-

cept a ride with this driver. The result, it argues, could be that the employer should be allowed to assert the defense of the decedent's own negligence under Section 201 of The Pennsylvania Workmen's Compensation Act.[1] To do so we would have to find in the record: (1) the absence of facts rebutting the presumption of intoxication; and (2) the presence of facts showing that the decedent knew or should have known of the alleged danger. Neither of these fact situations have been found to be present and the referee's findings are at least sufficient to negate the truth of the second. Therefore we affirm the decision of the Board.

## ORDER

AND Now, this 1st day of November, 1976, the appellant employer and/or insurance carrier is directed to pay to the Claimant compensation for herself and two minor children at the rate of $106.00 per week, beginning June 22, 1974 and continuing to January 22, 1975, inclusive; beginning January 23, 1975, they are directed to pay compensation to the Claimant for her two children at the rate of $77.49 per week, continuing thereafter until September 9, 1988, at which time Nicholas Abrams reaches the age of eighteen; thereafter to pay to the Claimant compensation for

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §41, reads in pertinent part as follows:

"In any action brought to recover damages for personal injury to an employe in the course of his employment, or for death resulting from such injury, it shall not be a defense—

. . . .

"(c) That the injury was caused in any degree by the negligence of such employe, unless it be established that the injury was caused by such employe's intoxication or by his reckless indifference to danger. The burden of proving such intoxication or reckless indifference to danger shall be upon the defendant, and the question shall be one of fact to be determined by the jury."

one minor child at the rate of $59.04 per week, continuing thereafter to June 4, 1991, when Shannon becomes eighteen years of age.

Deferred payments of compensation shall bear interest at the rate of ten per centum per annum from the due date thereof.

The defendant and/or insurance carrier is also directed to reimburse the Claimant in the sum of $750.00 for decedent's burial expense.

The decision of the Workmen's Compensation Appeal Board is affirmed.