4156 Bar Corporation and Westmoreland Casualty Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Bernard Kimmelman, Respondents.

Argued September 17, 1981, before Judges MEN-CER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Earl T. Britt,* with him *Boyd M. McGranaghan, Duane, Morris & Heckscher,* for petitioners.

*William T. Adis, Pechner, Dorfman, Wolffe, Rounick & Cabot,* for respondent, Bernard Kimmelman.

OPINION BY JUDGE WILLIAMS, JR., December 14, 1981:

Appellants, 4156 Bar Corporation and Westmoreland Casualty Company, appeal from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision which awarded claimant total disability benefits for a work-related injury.[1]

Claimant, Bernard Kimmelman, worked as a bartender and manager at 4156 Bar Corporation. Claimant's duties as a bartender included serving drinks, loading the refrigerator with beer, ordering beer and liquor, lifting and carrying cases of beer and whiskey, making sandwiches, cleaning the kitchen, mopping the floors, and washing glasses. On March 1, 1976, during the course of his employment, claimant injured his back while lifting a case of beer. Claimant's injury was diagnosed as an acute disc problem, as a result of which he underwent an operation for the removal of a disc and the insertion of a bone graft in the disc spaces. Thereafter, claimant spent several months healing from his surgical procedure. However, notwithstanding his recuperation, claimant was left unable to perform any activity requiring physical exertion, including those involving repetitive bending or lifting, and/or sitting or driving for periods of time exceeding one hour.

Claimant removed himself from the payroll of the bar, but beginning in July, 1976, he made brief visits to the bar for purposes of collecting the daily receipts and checking on its operation.

Subsequent to claimant's injury, he applied for workmen's compensation benefits, alleging that he was permanently and totally disabled due to his back

---

[1] Claimant's benefits were awarded pursuant to Section 306(a) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §511.

ailment. Several referee's hearings were held and in September, 1977, the referee issued a decision awarding benefits to the claimant and finding him to be totally disabled at that time and into the indeterminate future. Claimant's employer appealed from that decision and in March, 1978, the Board set aside the referee's determination and remanded the case to the referee for clarification of his findings of fact and conclusions of law.

In July, 1978, the referee rendered a second determination, again awarding compensation to the claimant for total disability resulting from the March 1, 1976 incident. The referee found that the claimant had established by competent evidence that his work-related injury caused him to be totally disabled. Additionally, the referee found that claimant's employer failed to establish that claimant had recovered fully or partially from his injury. Furthermore, the referee held that claimant's employer did not carry its burden of proving that work existed which claimant was capable of performing.

Once again, claimant's employer filed an appeal from the referee's decision. In September 1980, the Board affirmed the referee's decision and dismissed the employer's appeal. This appeal followed.

The disposition of the instant appeal rests on our resolution of two issues raised by appellants in support of their position. At the outset, appellants argued that no substantial competent evidence of record exists to support the referee's finding that the claimant was totally disabled from March 1, 1976 and would continue to be totally disabled into the indeterminate future. It is further alleged that the referee and the Board capriciously disregarded substantial evidence, in finding a failure on the part of appellants to sustain their burden of proof with regard to estab-

lishing the availability of work which claimant is capable of performing.

We will begin by addressing ourselves to the issue of claimant's total disability. In a workmen's compensation case, the question concerning a claimant's total disability is one of fact, requiring for its determination medical evidence and a consideration of such factors as the mental outlook, background and education of the claimant, the kind of work the claimant can presently perform, and the availability of such work. *Workmen's Compensation Appeal Board v. McGraw Edison*, 20 Pa. Commonwealth Ct. 548, 342 A.2d 445 (1975). Basically, the test to be applied to a claimant alleging total disability is whether that claimant's work-related injury deprives him of his earning power. Furthermore, total disability is presumed to continue unless and until competent examination and testimony disclose otherwise. *Marshall v. City of Altoona*, 208 Pa. Superior Ct. 465, 222 A.2d 408 (1966).

In the instant case, the referee found that the claimant had established by competent evidence that he was totally disabled due to his injury of March 1, 1976. The evidence presented by the claimant in that regard was the testimony of Dr. Paul M. Lin. Dr. Lin stated that the claimant could not satisfactorily perform any job requiring repetitive bending or lifting and therefore "should be totally disabled so far as that type of job is concerned." It is undisputed that the claimant's bartending duties involved repeated bending, lifting and stooping. That fact, coupled with Dr. Lin's testimony, led the referee to conclude that the claimant was totally disabled. It is solely within the province of the referee to determine the weight and credibility of the evidence presented, and he is free to accept or reject the testimony of any

witness in whole or in part. *United States Steel Corp. v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 352, 407 A.2d 464 (1979). In addition, it is well settled law that a decision by the compensation authorities, if supported by competent evidence, is binding on this Court. *Mapp v. City of Philadelphia,* 13 Pa. Commonwealth Ct. 23, 317 A.2d 680 (1974). Since the referee's findings of fact and conclusions of law with respect to claimant's total disability are supported by substantial evidence on the record, we are without power to disturb them.

Once the claimant has shown by credible evidence that he can no longer perform his former work because of a work-related injury, the burden shifts to the employer to show that the claimant can perform certain work and that such work is available. *Steinle v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 241, 393 A.2d 503 (1978). Specifically, the employer must prove the availability of work which is suited for the claimant, within his age, educational, and physical limitations. *Parkview Hospital, Inc. v. Workmen's Compensation Appeal Board,* 20 Pa. Commonwealth Ct. 567, 342 A.2d 137 (1975). In this case, claimant's employer sought to discharge its burden of proof through the introduction of testimony of Dr. Morris M. Rubin, a counselling psychologist specializing in vocational rehabilitation, job counselling, and guidance placement. Dr. Rubin, after administering a series of tests to determine claimant's intellectual abilities, job preferences, and personality, concluded that the claimant was capable of performing a variety of jobs. The doctor listed the titles of such jobs and indicated that he had taken the necessary steps to positively demonstrate the availability of those jobs for a person in the claimant's age group with his educational and intellectual back-

ground. It was Dr. Rubin's testimony that he "selected the jobs on the basis of age, education, experience, and limitations imposed by his [claimant's] disability." The referee and the Board found the above stated testimony insufficient to sustain the burden of proof imposed upon claimant's employer. We agree.

The failure of claimant's employer to sustain its burden of proof becomes readily apparent upon close examination of Dr. Rubin's testimony. While the doctor named a variety of jobs which he felt claimant was capable of performing, he never explored the duties which were entailed in those jobs. Claimant's physical limitations prohibited him from sitting for long periods of time, bending repetitively, and lifting objects weighing more than ten (10) pounds. Without a description of the responsibilities involved in the named occupations, it is impossible to determine whether the instant claimant had the capability to discharge the duties of those occupations. As we have previously stated the burden of proof rests with the employer to demonstrate that work is available which the claimant, even though medically restricted, is able to perform. Merely providing a list of job titles which appear to be compatible with claimant's condition is not equivalent to establishing the availability of work the claimant can competently perform. It is patently clear that claimant's employer did not meet its burden, and the referee and the Board correctly so found.

For all of the foregoing reasons, we must affirm the decision of the Board.

## ORDER

AND Now, the 14th day of December, 1981, the decision of the Workmen's Compensation Appeal Board at No. A-75705 dated September 25, 1980 is affirmed.

It is order that judgment be entered in favor of claimant Bernard Kimmelman and against 4156 Bar Corporation and Westmoreland Casualty Company and that 4156 Bar Corporation pay to claimant compensation for total disability at the rate of $106.67 per week from March 1, 1976 and continuing thereafter until such time as claimant's disability shall change or cease within the meaning of The Pennsylvania Workmen's Compensation Act; interest is assessed at the rate of ten percent per annum on all deferred compensation due claimant.

In addition, a reasonable sum for the following costs incurred by the claimant, or incurred on his behalf is awarded. The petitioner, 4156 Bar Corporation, is directed to pay the same as follows:

| | | |
|---|---|---|
| (1) Albert J. Paul, M.D. | $ | 23.00 |
| (2) Paul M. Lin, M.D. | | 960.00 |
| (3) Gene Prescription Pharmacy | | 17.34 |
| (4) Holy Redeemer Hospital | | 50.00 |
| (5) Benjamin Zeft, Pharmacy | | 15.00 |
| (6) Burholme First Aid Corp. | | 10.00 |
| (7) Herbert C. Dodge, M.D., Anesthesia | | 156.00 |
| (8) Greiner & Saur Corp., Lumbo-sacral support | | 45.00 |
| (9) Paul M. Lin, M.D. | | 350.00 |
| (10) Holy Redeemer Hospital | | 2020.65 |

It is further ordered that attorney's fees of 20 percent of all past and future compensation due claimant shall be paid to William T. Adis, Esquire, out of the compensation awarded to claimant. The balance of the compensation award shall be paid directly to the claimant.

Judge PALLADINO dissents.