W & L Sales Company, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Drake), Respondents.

Submitted on briefs September 13, 1985, to Judges Colins and Palladino, and Senior Judge Kalish, sitting as a panel of three.

*Charles E. Wasilefski*, with him, *William J. Peters, Peters & Wasilefski*, for petitioner.

Ira H. Weinstock, with him, Paul J. Dellasega, Ira H. Weinstock, P.C., for respondent, Toby D. Drake.

OPINION BY JUDGE COLINS, October 23, 1985:

W. & L Sales Company, Inc. (employer) has filed a Petition for Review of a decision of the Workmen's Compensation Appeal Board (Board), reversing a referee's order granting the petition of the employer for modification of Toby B. Drake's (claimant) compensation benefits.

The claimant suffered a compensable injury under the provisions of The Pennsylvania Workmen's Compensation Act[1] on February 4, 1983, while working for the employer. The injury was to his lower back, specifically, bi-lateral spondylolysis. It is undisputed that the claimant is unable to return to his pre-injury employment, nor is it disputed that the claimant's injury limits future employment to that which does not require repeated bending and lifting. The dispute in this case arises from the employer's allegations that the claimant has sufficiently recovered from his injury to return to gainful employment within his physical limitations, that such employment was available to the claimant, and that claimant had been made aware of such employment.

In a workmen's compensation case where the claimant has proven his inability to do the type of work in which he was previously engaged at the time he sustained his injury, the employer has the burden of proving the availability of other work which the claimant is capable of performing. Workmen's Compensation Appeal Board v. H. P. Foley Co., 18 Pa. Commonwealth Ct. 540, 336 A.2d 892 (1975). In this case, the referee, in concluding that the employer had

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§1-1023.

met its burden of proof, specifically found that the employer had created a job to conform to the claimant's physical limitations. The referee found, and the record shows, that the employer first offered the claimant a modified job in April of 1983, which was rejected because it exceeded the limitations imposed by the claimant's physician. A second job was offered in August of 1983, and was also rejected as exceeding these physical limitations. The employer then contacted the claimant's physician to determine exactly what jobs the claimant could perform, and, after determining such, the employer indicated to the physician that it would be willing to make the necessary modifications to its last job offer to bring such job within the claimant's physical abilities. Based on the above findings of fact, the referee determined that the employer had met its burden of proof, and granted its petition for modification. The Board reversed the referee's decision on December 4, 1984 on the basis that the employer had failed to meet its burden of proof, as a matter of law.

The sole question before this Court is whether the Board correctly found that the referee erred as a matter of law in finding that the employer had met its burden of proving that employment had been made available to the claimant within his physical limitations.

It is axiomatic that where a party with the burden of proof prevails before the referee, and the Board takes no additional evidence, this Court's review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed, or whether a necessary finding of fact was unsupported by substantial evidence. *Lehman v. Workmen's Compensation Appeal Board,* 64 Pa. Commonwealth Ct. 381, 439 A.2d 1362 (1982).

The Board may not reverse the findings of fact made by a referee, absent a finding that no competent evidence supported such a determination, unless such reversal is based upon additional evidence taken by the Board. *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Since no additional evidence was taken by the Board, and a review of the record indicates that substantial evidence supported the referee's findings of fact, this Court must determine whether an error of law was committed.

In order to meet its burden of proof that suitable work was available to claimant, the employer must do more than simply show that the claimant can perform certain work and that such work is available. *4156 Bar Corp. v. Workmen's Compensation Appeal Board*, 63 Pa. Commonwealth Ct. 176, 438 A.2d 657 (1981). In fact, work proposed for a partially disabled claimant must be actually available, that is, within his reach, and it must be brought to his notice by the employer. *Kachinski v. Workmen's Compensation Appeal Board*, 91 Pa. Commonwealth Ct. 543, 498 A.2d 36 (1985); *King Fifth Wheel Co. v. Workmen's Compensation Appeal Board*, 79 Pa. Commonwealth Ct. 300, 468 A.2d 1211 (1983). The referee made no finding of fact that the claimant had ever been informed of any job offer consistent with his physical limitations. The claimant's physician may have been informed of a possible job opening; however, this is not a constructive communication to the claimant. A careful review of the record reveals that the claimant was never informed of the availability of alternative work, and the Board so found. Therefore, the referee made an error of law based upon his own findings of fact, and the Board properly reversed the referee. *Workmen's Compensation Appeal Board v.*

*H. P. Foley Co.*, 18 Pa. Commonwealth Ct. 540, 336 A.2d 892 (1975). Where the Board has found that the referee erred, as a matter of law, it may make additional findings of fact to correct the referee's error. *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board (Furnari)*, 82 Pa. Commonwealth Ct. 562, 475 A.2d 974 (1984).

As the Workmen's Compensation Appeal Board committed no error of law, we accordingly affirm.

ORDER

AND Now, October 23, 1985, the order of the Workmen's Compensation Appeal Board, A-87915, dated December 4, 1984, is affirmed.