520 A.2d 958

Investors Diversified Services and Travelers Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Howar) (Hoar) and Nationwide Insurance Company and Northwestern National Life Insurance Company, Respondents.

Argued October 9, 1986, before Judges BARRY, COLINS (P) and PALLADINO, sitting as a panel of three.

*Judith H. Veres,* with her, *A. J. Plastino, II, William K. Herrington & Associates,* for petitioners.

*Edward G. Kuyat, Jr.,* with him, *Samuel R. Di Francesco, Jr., Gleason, Di Francesco, Shahade & Markovitz,* for respondents.

OPINION BY JUDGE COLINS, February 9, 1987:

Investors Diversified Services and Travelers Insurance Company (collectively, employer) appeal an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of workmen's compensation to Harold Daniel Howar (Harold Daniel Hoar) (claimant), a registered representative of employer engaged in the sale of insurance and investment contracts.

The following facts are pertinent. Claimant was injured in an automobile accident on December 21, 1980, while returning home from a Christmas party for sales representatives given by Mr. Barry Mates, a divisional sales manager for the employer. The claimant's usual place of employment was in his home; he, in fact, visited the employer's office only to consult with his supervisor and submit completed contracts.

Following hearings to determine the compensability of claimant's injuries, a referee determined that: (1) the claimant was a "traveling employee;" (2) a social function

enabling salesmen to meet and discuss business furthered the business affairs of the employer; and (3) the claimant was injured in the course of the employer's business and in furtherance of the employer's business affairs. The referee awarded claimant compensation for total disability, the Board affirmed and the employer's appeal to this Court followed.

Upon appeal, the employer contends that the claimant, at the time of his injury, had departed his employment and was engaged in the furtherance of his own affairs and pleasure. The employer maintains that the Christmas party attended by the claimant was a purely social function unrelated to the employer's business affairs and that the claimant had further attenuated any putative employment connection by virtue of his conduct in taking a young woman for a ride in his new automobile prior to returning with her to the party and then commencing his ill-fated trip home. The employer also submits that the referee erred in finding claimant to be totally disabled, failed to consider the claimant's alleged ability to perform his former duties and further failed to credit certain earnings of the claimant against compensation awarded.

We first consider whether the claimant's injury was sustained while he was "actually engaged in the furtherance of the business or affairs of the employer," within the meaning of Section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 735, *as amended,* 77 P.S. §411(1). The determination of whether an employee is within the course of his employment at the time of injury is one of law subject to our review. *Jones v. Workmen's Compensation Appeal Board (Rehabilitation Coordinators, Inc.),* 88 Pa. Commonwealth Ct. 426, 489 A.2d 1006 (1985). "The phrase 'actually engaged in the furtherance of the business or affairs of the employer' (usually expressed in a more restrictive term 'in the course of employment') must be

given a liberal construction. . . ." *Tredyffrin-Easttown School District v. Breyer*, 48 Pa. Commonwealth Ct. 81, 83-84, 408 A.2d 1194, 1195 (1979), citing *Feaster v. S. K. Kelso & Sons*, 22 Pa. Commonwealth Ct. 20, 23, 347 A.2d 521, 523 (1975).

We further note certain presumptions favoring traveling employees, a category encompassing the claimant here, as the referee so determined. The course of employment of a traveling worker is necessarily broader than that of an ordinary worker. *Jones; Schreckengost v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 587, 403 A.2d 165 (1979). When such an employee sets out upon the business of his employer and is subsequently injured, there is a presumption that the employee was engaged in the furtherance of his employer's business at the time of his injury. *Id.* A slight deviation will not take the employee out of the course of his employment, *Macke Vending Co. v. Abrams*, 27 Pa. Commonwealth Ct. 490, 365 A.2d 451 (1976), and unless the employee's conduct at the time of the accident was so foreign and removed from his usual employment as to constitute an abandonment thereof, he must be compensated for an injury. *Jones; Port Authority of Allegheny County v. Workmen's Compensation Appeal Board (Stevens)*, 70 Pa. Commonwealth Ct. 163, 452 A.2d 902 (1982).

In *Tredyffrin*, this Court recognized the "importance to employers of social events which sustain good relationships with and the morale of their employees." 48 Pa. Commonwealth Ct. at 84, 408 A.2d at 1195; *see also Feaster*. In the instant matter, Mr. Mates, claimant's supervisor, testified that he encouraged claimant to attend the party to promote esprit de corps and camaraderie among his employees and to permit them to "rub elbows with people who are successful." The record reveals, and the referee so found, that awards were given to several employees in recognition

of high sales performance. The claimant testified that he received an award at this party.

The referee is the ultimate factfinder in cases such as this where, as here, the Board has not taken additional evidence and his findings of fact must be affirmed if they are supported by substantial evidence in the record. *Capitol International Airways, Inc. v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 551, 428 A.2d 295 (1981). The referee's conclusion that the party in the instant matter was a function furthering the employer's business interest is amply supported by the record. This party fostered good relationships between the employer's salesmen, commended laudable employees, and thereby promoted the vitality of the employer's sales program. We do not find disqualifying the fact that alcohol was consumed at the party or that Mr. Mates testified that attendance was voluntary. The claimant testified that attendance was "as close to being mandatory as it could be. If [an employee] was not in attendance, [Mr. Mates] wanted to know why."

We next consider whether claimant's conduct in taking a young woman for an automobile ride before returning home constituted an abandonment of his employment, disqualifying claimant from an award of compensation. In *Macke,* we affirmed an award of compensation for injuries sustained by an employee on the trip home from a dinner meeting provided by the employer, despite the fact that this employee had visited friends nearby after the meeting. We found the employee's visit with friends to be only a minor deviation from the course of his employment and not disqualifying. *Accord Maher v. Hallmark Cards, Inc.,* 207 Pa. Superior Ct. 472, 218 A.2d 593 (1966) (employee not disqualified from award of compensation for death in car accident which occurred some five hours after his completion of

work despite fact that he had spent intervening hours drinking beer).

The line between a disqualifying deviation and one so slight as not to disqualify a claimant is a matter of judgment for the compensation authorities. *Id*. The referee and the Board, in their respective decisions, did not discuss the employer's allegations that claimant's conduct in taking the young woman for a ride constituted a disqualification. In light of *Macke* and *Maher*, we are unable to conclude as a matter of law that the claimant's deviation from the course of his employment was so pronounced in character as to require a reversal of the decision of the referee and Board on this point. In this regard, we distinguish this Court's decision in *Capitol International Airways* where we denied compensation to a flight engineer who died during an interval when he had no employment duties, was off the premises furnished by the employer and was not furthering the business of the employer in a manner consistent with his employment contract or reasonably related thereto.

We next consider the employer's contention that the referee's award of compensation for total disability is not supported by substantial record evidence. The employer suggests that this determination is contravened by (1) the medical evidence adduced by both parties; (2) the claimant's part-time employment while a student; (3) claimant's testimony as of December 21, 1983, that he walked to campus, implying, or so the employer argues, that he was capable of resuming his former employment as a salesman. We take the employer's argument to be that claimant's disability has lessened or abated.

The parties have suspended compensation for total disability pursuant to Supplemental Agreement as of June 11, 1985. The record amply supports the referee's finding of total disability through September, 1983.

Claimant was severely injured in the accident, sustaining compound fractures of both legs which required multiple corrective surgical procedures and a prolonged period of recuperation. He also sustained permanent neurological impairment in his right leg which necessitated that he wear a heel and knee brace to improve his walking ability. Indeed, a Dr. Tauberg, a physician who examined claimant at the employer's request, opined that claimant remained totally disabled as of September 23, 1983. We thus focus our inquiry as to the referee's finding of total disability on the nineteen month period between that date and the suspension of compensation by agreement in 1985.

The question of a claimant's total disability is one of fact, requiring for its determination medical evidence and a consideration of such factors as the mental outlook, background and education of the claimant, the kind of work that the claimant can presently perform, and the availability of such work. *4156 Bar Corp. v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 176, 438 A.2d 657 (1981). The test to be applied to a claimant alleging total disability is whether that claimant's work-related injury deprives him of his earning power. Furthermore, total disability is presumed to continue unless and until competent examination and testimony discloses otherwise. *Id.*

In consideration of the above factors in the instant matter, we acknowledge that neither the claimant's treating physician nor the physician for the employer indicated that claimant remained totally and permanently disabled. The claimant's physician in fact stated that "as of January 17, 1983, claimant's permanent physical disability remain[ed] approximately 50%." With regard to his physical limitations, the claimant testified on December 21, 1983, that he continued to have pain when walking; he also testified on cross-examination that he

occasionally walked to campus, weather permitting. We further acknowledge that claimant suffered a significant loss of earning power. It is solely within the province of the referee to determine the weight and credibility of the evidence presented and he is free to accept or reject the testimony of any witness in whole or in part, even where such testimony is inconsistent. *Dick's Delicatessen of Paoli, Inc. v. Workmen's Compensation Appeal Board (DeVirgilio)*, 82 Pa. Commonwealth Ct. 444, 475 A.2d 1345 (1984). In light of the claimant's testimony of his persistent physical limitations and his observed loss of earning power, we find substantial evidence in support of the referee's determination.

Once the claimant has shown by credible evidence that he cannot perform his former work because of his injury, the burden shifts to the employer to prove that other work is available which the claimant, although medically restricted, is able to perform. *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968); *W & L Sales Co., Inc. v. Workmen's Compensation Appeal Board (Drake)*, 92 Pa. Commonwealth Ct. 396, 499 A.2d 710 (1985). No such evidence was presented by the employer here and it attempts to sustain this burden by indicating claimant's part-time employment as a library researcher and instructor while attending graduate school. We do not find that evidence of such part-time employment for which claimant earned approximately $1500 over the course of three semesters, satisfies the affirmative burden on the employer to prove work availability so as to rebut the presumption of claimant's total disability. *See 4156 Bar Corp.* However, we do believe that, in fairness, claimant's earnings from these positions should have been credited in favor of the employer in the computation of the award.

We finally dismiss the employer's contention that the referee failed to make sufficiently specific findings of

fact. The referee's findings need only be sufficient to demonstrate that the fact-finding function was performed and to permit this Court to exercise its appellate review. *See Marcks v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 107, 442 A.2d 9 (1982). The referee's decision here so permits.

Accordingly, we affirm that part of the Board's decision awarding claimant compensation for total disability. We vacate and remand that part of the order pertaining to the computation of compensation and direct that the employer be credited with any earnings of claimant during his period of total disability.

ORDER

AND NOW, February 9, 1987, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed insofar as it awards claimant compensation for total disability. We vacate and remand that part of the order pertaining to the computation of compensation and direct that the employer be credited with any earnings of the claimant during his period of total disability.

Jurisdiction relinquished.

DISSENTING OPINION BY JUDGE PALLADINO:

I respectfully dissent.

As the majority correctly states, the determination of whether an employee is within the course of employment at the time of injury is one of law subject to our review. *Jones v. Workmen's Compensation Appeal Board (Rehabilitation Coordinators, Inc.),* 88 Pa. Commonwealth Ct. 426, 489 A.2d 1006 (1985).

Claimant was invited to attend a Christmas party given by his supervisor. Attendance was not mandatory. This party was not sponsored by the employer nor was it held during working hours. Further, it was held in a

private establishment, not on employer's premises and was paid for personally by Mr. Barry Mates, claimant's supervisor. Mr. Mates was not reimbursed by employer. There is no evidence in the record to indicate the employer was aware that the party was to occur.

In order for the employer to be liable, claimant's injuries must be sustained while he was "actually engaged in the furtherance of the business or affairs of the employer." Section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1).

This was merely a Christmas party. No business was conducted nor were any clients present. While this event may have had a salutory effect on the collegiality of the workforce, this by-product is not sufficient to establish that claimant was "actually engaged in the furtherance of the business or affairs of the employer." *Id.* Many employers routinely hold Christmas parties for their staff members which benefit the esprit de corps. Yet, I'm sure this Court is not ready to affirm that every such event is in the course of employment.[1]

Accordingly, I would reverse the Board and deny benefits.

---

[1] The majority attempts to distinguish *Capitol International Airways, Inc. v. Workmen's Compensation Appeal Board*, 58 Pa. Commonwealth Ct. 551, 428 A.2d 295 (1981), on the basis that the claimant was on a disqualifying deviation or detour. However, *Capitol* was decided on the rationale that the claimant was not "actually engaged in furthering his employer's business and was not in the course of his employment." *Id.* at 557, 428 A.2d at 298. This result was reached even though the claimant in *Capitol*, an airline navigator, was on a layover in a foreign country mandated by his employer.

The case at bar is analogous to *Capitol* specifically because claimant was not required to perform any duties relating to his occupation while at the Christmas party.