568 A.2d 981

**LUKENS, INC., Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (WILLIAMS), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 18, 1989.

Decided Dec. 6, 1989.

Reconsideration Denied Feb. 15, 1990.

480

Terry W. Knox, with counsel, Barbara S. Swinger, MacElree, Harvey, Gallagher & Featherman, Inc., West Chester, for petitioner.

Joseph F. Wusinich, III, West Chester, with him, John J. Stanzione, Wusinich and Brogan, West Chester, for respondent Williams.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Lukens, Inc. (Employer) appeals the Workmen's Compensation Appeal Board's (Board's) decision reversing the referee, who had granted Employer's Petition for Modification. Employer filed the petition on May 9, 1985, alleging that, as of April 29, 1985, James W. Williams' (Claimant's) benefits should be reduced because there was a job immediately available within his physical and medical circumscriptions. We affirm.

The facts as found by the referee are as follows. On September 4, 1978, Claimant suffered a work-related contusion to the lower part of his left leg when it was struck by a power track machine. This injury aggravated his pre-existing circulatory condition of phlebitis.

As a result of that injury, Claimant became disabled on September 20, 1978. The parties entered into an agreement on October 12, 1978, providing for the payment of workmen's compensation benefits for temporary total disability in the amount of $213.00 per week. As a class B electrician, Claimant's pre-injury wage had been $402.36 per week.

At Employer's request, Dr. Lawrence K. Spitz examined and treated Claimant on February 1, 15, 22 and March 8,

1985. On the basis of Dr. Spitz's assessments, contained in a physical capacities form, Employer made a light duty job available to Claimant through its in-house sheltered workshop program.

The referee found that the description for the clerk's assistant position had been approved by Dr. Spitz prior to Employer offering it to Claimant and also that it was within Claimant's medical restrictions. He further found that the position became available to Claimant on April 29, 1985, and that Employer apprised Claimant of its availability and suitability prior thereto. The position's average weekly wage was $242.00.

The referee granted Employer's request for a partial supersedeas on December 20, 1985, effective April 29, 1985. Claimant's benefits were reduced from total, $213.00 per week, to partial, $106.89 per week.

In the decision and order granting Employer's Petition for Modification, dated November 12, 1987, the referee concluded that Employer had (1) met its burden of proof that Claimant's disability had been reduced from total to partial as of April 29, 1985 and (2) made a light duty job within Claimant's restrictions available to Claimant on the latter date. On Claimant's appeal, the Board reversed, relying on the Pennsylvania Supreme Court's decision in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). Specifically, the Board found that Employer failed to meet its initial burden of showing change in condition, as per the first *Kachinski* criterion.

The Board also found that the referee's Finding of Fact Number 9 was not supported by substantial evidence. The essence of that finding was that the position became available to Claimant on April 29, 1985, and prior thereto, Claimant was cognizant of the availability and suitability of the job position. However, the Board stated that it need not base its decision on the lack of evidence to support Finding of Fact Number 9, since the Employer never satisfied the initial *Kachinski* burden.

■ There are two issues before this Court.[1] The first is whether it is necessary to show a change of medical condition in a Petition for Modification based on the availability of a job position within Claimant's restrictions. The second is whether a suitable job, for which Claimant had medical clearance, was made available to him on April 29, 1985.

The seminal *Kachinski* case provides us with the basic guidelines for situations involving an injured employee returning to work. These criteria, supplied by the Pennsylvania Supreme Court, are set out in a chronological checklist.

    1. The employer who seeks to modify the Claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

    2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs) which fits the occupational *category* for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.

    3. The claimant must then demonstrate that he has in good faith followed through on these job referral(s).

    4. If the referral fails to result in a job then Claimant's benefits should continue.

*Kachinski*, 516 Pa. at 252, 532 A.2d at 380 (emphasis added).

■ In this case, the basis for the referee finding that Claimant's disability had evolved from total to partial was not that Claimant's physical condition had improved.[2] Instead, his justification was that Employer made a medically approved position available to Claimant. Contrary to the Board's opinion, Employer correctly contends that it is not a

1. In addressing these issues, we note that this Court's scope of review is limited to determining whether 1) constitutional rights were violated, 2) an error of law was made or 3) all crucial findings of fact were supported by substantial evidence. *Estate of McGovern v. State Employes' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

2. Indeed, the referee neither mentioned an improvement nor a deterioration in Claimant's condition. It was the Board who noted that Employer failed to show any change in condition.

prerequisite to produce medical evidence of a change in condition when the Petition for Modification involves a claimant with no improvement whatsoever. Any other interpretation of the *Kachinski* court's language would be nonsensical.

In fact, as evidenced by modification petition caselaw prior to *Kachinski,* this Court did not require employers to prove a change in condition when the petition was based on job availability, rather than any change in physical status. *Investors Diversified Services v. Workmen's Compensation Appeal Board (Howar),* 103 Pa.Commonwealth Ct. 562, 520 A.2d 958 (1987); *W & L Sales Co., Inc. v. Workmen's Compensation Appeal Board (Drake),* 92 Pa.Commonwealth Ct. 396, 499 A.2d 710 (1985); *Yellow Cab Co. v. Workmen's Compensation Appeal Board,* 37 Pa.Commonwealth Ct. 337, 390 A.2d 880 (1978); *Chamberlain Corp. v. Pastellak,* 7 Pa.Commonwealth Ct. 425, 298 A.2d 273 (1973). For example, the *Chamberlain* case involved a claimant who had a continuing permanent lower back injury and was therefore no longer able to perform his pre-injury job. This Court held that:

> [w]e think that when an employer presents evidence of available work which the medical testimony indicates the claimant should be able to perform, this is sufficient absent a showing that claimant cannot, in fact, perform the work due to his physical disability, or that he was not qualified in other respects for the employment, or even that he had applied and been rejected.

*Chamberlain* at 428–29, 298 A.2d at 275.

Even though *Kachinski* now requires an employer to produce evidence of a referral to a then open job, rather than merely to show the availability of work generally,[3] this does not alter the fact that it has long been established in the workmen's compensation area that proof of a change in medical condition is not required when that is not the basis for seeking a decrease in benefits. Therefore, the first *Kachinski* criterion is by-passed here because it contains

**3.** Second *Kachinski* criterion.

the requirement for an employer seeking modification on the basis of a change in condition.

Having answered the first issue negatively, we now turn to the second, concerning when the clerk's assistant position became available and whether Claimant had prior medical clearance for it. In its opinion reversing the referee, the Board noted that:

> The record is devoid of evidence that would suggest the Claimant was given medical clearance by any physician to perform the *created job*. Moreover, in the deposition of Doctor Spitz, he admitted that he had not discussed that *particular job* with the Claimant. (Citation omitted; emphasis added.)

(Board opinion dated March 29, 1989).

▪▪▪ Even though it is not necessary to obtain medical clearance for each job referral,[4] Employer must prove that Claimant was apprised of medical approval for a category of positions. Although Employer's Safety Director and Workmen's Compensation Administrator claims that Claimant was aware of both his general medical clearance and that for the proffered job, we find nothing in the record to support the fact that Claimant was cognizant of either the physical capacities form or comparable verbal evidence from Dr. Spitz. In fact, Claimant testified that he was unaware of his medical clearance and Dr. Spitz never testified that he informed Claimant of his clearance for a specific category of jobs or the job at issue here.

Even though it is unclear from the *Kachinski* case who is the proper person to inform Claimant of his medical clearance, we find that an implicit requirement of the second criterion is that Claimant be apprised of that clearance so

---

**4.** In a recent workmen's compensation opinion, we noted that the additional step of submitting each job description to the physician was unnecessary when he had previously established restrictions for the claimant. *Associated Plumbing and Heating v. Workmen's Compensation Appeal Board (Hartzog)* 126 Pa.Commonwealth Ct. 618, 560 A.2d 865 (1989). As per the Pennsylvania Supreme Court in *Kachinski,* medical clearance refers to occupational categories, not to individual jobs (second *Kachinski* criterion).

that he may faithfully pursue any appropriate job referrals. (Third *Kachinski* criterion.) In one of the cited modification cases, we discussed the "constructive communication" of a possible job opening to Claimant. *W & L Sales.* Despite the fact that we were discussing the situation of the claimant's physician, rather than claimant being informed of a possible job opening, we found the issue of whether the claimant himself knew of the opening to be critical. Without that vital information, the claimant could not be expected to pursue the position.

By analogy, the communication of medical suitability is just as vital as that of job openings. Because our Supreme Court has made medical clearance an integral requirement in this situation as per the second *Kachinski* criterion, it is essential that Claimant be made aware that he is medically sanctioned for an occupational category. Therefore, Dr. Spitz's physical capacities form, outlining occupational limitations for Claimant, would have been sufficient medical clearance to satisfy the second *Kachinski* requirement, had Employer proved that Claimant had been made aware of it. Therefore, Employer has not met its burden of proof in that it failed to show that Claimant's medical clearance was communicated to him.

Therefore, because we find that (1) it is not necessary to demonstrate a change in condition when the Petition for Modification involves a claimant with no alteration in condition and (2) even though the doctor had approved the category of jobs suitable for Claimant, Employer must prove that Claimant was cognizant of his medical clearance, we affirm the Board's order denying Employer's Petition for Modification.

ORDER

AND NOW, this 6th day of December, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.