588 A.2d 1014

**Pauline P. BROWN, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (LIKEN EMPLOYMENT NURSING SERVICES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 14, 1990.

Decided March 26, 1991.

Daniel J. Conway, with him, Errol S. Miller, Pittsburgh, for petitioner.

Debora M. Lelik, Asst. Counsel, Pittsburgh, for respondent.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Pauline P. Brown (Claimant) petitions for review of the June 29, 1990 order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee denying Claimant workmen's compensation benefits. The issue presented for review is whether the Board properly affirmed the referee's conclusion that Claimant was not acting within the course of her employment when injured, as required for an award of benefits under Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act).[1] The order of the Board is affirmed.

The record indicates that Claimant, employed as a nurse's aide-companion by Liken Employment Nursing Services

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1).

(Employer), suffered serious injuries on December 17, 1987 when she was struck by a motor vehicle while crossing a public roadway after leaving Employer's annual Christmas party held at Employer's office. On February 12, 1988, Claimant filed a claim petition alleging that she was in the course of her employment at the time of the automobile-pedestrian accident. After several days of hearings, the referee concluded that Claimant was no longer in the course of her employment when injured, and consequently her claim petition was dismissed. Claimant appealed to the Board which, after arguments before it, affirmed the referee's decision.[2]

■ Claimant first argues that the Board's affirmance of the referee's refusal to apply any of the four exceptions to the "going and coming rule" constitutes an error of law. In particular, Claimant contends that she was on a special mission for Employer while attending the party to which she received a special invitation from her supervisor; that she was furthering the business of Employer because special circumstances indicate that the party was for the benefit of Employer when Claimant transacted business at the party; and that she had no fixed place of work which rendered her a traveling employee for purposes of compensation under the Act. Employer contends that because the referee determined that Claimant was not required to attend the party and that Claimant was not a traveling employee, this case does not fall within any exception to the "going and coming rule".

The applicable statutory provision which provides the basis for the "going and coming rule", Section 301(c) of the Act, provides in pertinent part:

(1) The terms 'injury' and 'personal injury', as used in this act, shall be construed to mean an injury to an

---

**2.** This Court's scope of review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

employe ... arising in the course of his employment and related thereto, ... The term 'injury arising in the course of his employment' as used in this article ... shall include all ... injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere....

█ The operative language of Section 301(c) requires that a claimant prove that the injury arose in the course of employment and that the injury was related to that employment. *Krawchuk v. Philadelphia Elec. Co.*, 497 Pa. 115, 439 A.2d 627 (1981). According to the "going and coming rule", injuries sustained by an employee traveling to and from work are generally not compensable under the Act unless (1) the employment contract includes transportation; (2) the employee had no fixed place of employment; (3) the employee was on a special assignment; or (4) special circumstances indicate that the employee was furthering the business of the employer. *Action, Inc. v. Workmen's Compensation Appeal Board (Talerico)*, 116 Pa.Commonwealth Ct. 81, 540 A.2d 1377 (1988), *affirmed*, 523 Pa. 419, 567 A.2d 1040 (1990). Contrary to Claimant's contentions, the facts of this case do not warrant application of the "going and coming rule". Claimant was neither going to nor coming from work when she was injured, rather she was injured off Employer's premises while en route from an Employer-sponsored social event. Hence, this Court finds no error by the referee or the Board with respect to this point.

█ Notwithstanding the inapplicability of the "going and coming rule", the inquiry continues to determine whether Claimant is nonetheless entitled to compensation within the meaning of Section 301(c). Off-premises injuries, such as those sustained by Claimant, are only compensable if, at the time of the injury, the employee is actually engaged in the furtherance of the employer's business activities. *Torres v. Workmen's Compensation Appeal Board (Modern Mushroom Farm, Inc.)*, 129 Pa.Commonwealth Ct. 372,

565 A.2d 857 (1989); *Nationwide Ins. Co. v. Workmen's Compensation Appeal Board*, 21 Pa.Commonwealth Ct. 243, 344 A.2d 756 (1975). Claimant maintains that her attendance at the party was, in and of itself, furthering Employer's business activities. Claimant therefore challenges the following findings of fact as unsupported by substantial competent evidence.

7. On December 16, 1987, Caryl Randolph called the claimant and explained a prospected [sic] assignment in general. The claimant did accept the assignment. During this telephone conversation the witness explained to the claimant if she would be coming to the Company Christmas party the next day, December 17, 1987 that she, Ms. Randolph, would give the claimant more specifies [sic] of the assignment that was scheduled for sometime after the 17th. She explained that ordinarily if claimant was not coming to the Christmas party that all the information about the assignment would have been given to her over the telephone.

. . . .

17. Although claimant did in fact transact business with Liken when she came to the party. [sic] It was not necessary that this be done in person as the usual procedure was by mail and phone.

. . . .

19. There was no material benefit to Liken for employees to attend the party.

■ Based upon a review of the record, this Court finds that the referee's findings are supported by substantial competent evidence. Ms. Randolph, Claimant's supervisor, testified that Claimant accepted the prospective job assignment during the December 16, 1987 telephone conversation. March 21, 1988 Hearing, N.T., p. 14. Claimant also testified that she accepted the assignment over the telephone, that she attended the party because she "wanted to go", and that nothing on the invitation she received indicated that her attendance was mandatory. May 19, 1988 Hearing, N.T., pp. 21–22, 26. The referee found this testimony

credible and determined that Claimant's attendance at the party was not necessary to further Employer's interest in completing the prospective job assignment. Credibility determinations are within the exclusive province of the referee and findings of fact will not be disturbed if supported by evidence that a reasonable mind might accept as adequate. *Asbestos Insulating Co. v. Workmen's Compensation Appeal Board (McGovern)*, 73 Pa.Commonwealth Ct. 86, 457 A.2d 1320 (1983). Accordingly, this Court finds that the record testimony in the present case constitutes ample support for the referee's conclusion that Claimant's attendance at the party was not in furtherance of Employer's business.

 Lastly, Claimant cites several cases which hold that attendance at an employer-sponsored social event which is designed to foster morale and good relations among employees constitutes engaging in the furtherance of the employer's business, so that an injury incurred during such an event is compensable. *See, e.g., Scott v. Workmen's Compensation Appeal Board (Packaging Corp. of America)*, 113 Pa.Commonwealth Ct. 80, 536 A.2d 492 (1988) (employee who sustained injuries while serving on company-sponsored softball team was engaged in the furtherance of his employer's business); *Tredyffrin–Easttown School Dist. v. Breyer*, 48 Pa.Commonwealth Ct. 81, 408 A.2d 1194 (1979) (employee who lost his eye sight during his employer's company picnic sustained the injury in the course of employment); *Feaster v. S.K. Kelso & Sons*, 22 Pa.Commonwealth Ct. 20, 347 A.2d 521 (1975) (employee who drowned at his employer's company picnic was engaged in the furtherance of his employer's business). These cases are clearly distinguishable from the present case to the extent that Claimant sustained injuries while *returning from* Employer's party and not *while attending* the social event. Thus, regardless of whether Employer's party was held for the purpose of cultivating interpersonal relationships, as Claimant suggests, Claimant was not in the furtherance of Employer's business at the time of her accident.

Having found that Claimant's injuries did not arise in the course of her employment, there is no need to address the issue of whether Claimant's injuries were related to her employment. *Setley v. Workmen's Compensation Appeal Board (Kawecki Berylco Indus.)*, 69 Pa.Commonwealth Ct. 241, 451 A.2d 10 (1982).

## ORDER

AND NOW, this 26th of March, 1991, the order of the Workmen's Compensation Appeal Board, dated June 29, 1990, is affirmed.