624 A.2d 734

**CITY OF MONESSEN SCHOOL DISTRICT, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (HAYS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 12, 1993.

Decided April 14, 1993.

58

Ray F. Walters, Jr. and James A. Mazzotta, for petitioner.
Alfred G. Yates, Jr., for respondent.

Before CRAIG, President Judge, PALLADINO, J., and KELTON, Senior Judge.

KELTON, Senior Judge.

The City of Monessen School District (Employer) appeals from the order of the Workmen's Compensation Appeal Board (Board) dated June 8, 1992. In that order, the Board affirmed the decision of the referee granting Vera Hays (Claimant)

compensation benefits and ordering the payment of $100,-000.00 in medical expenses. We affirm.

■ There are two issues presented for our review. The first issue is whether Claimant was acting within the course of her employment as assistant band director when she was injured driving home from a Monessen Band Parents Organization (Band Parents) function.[1] The second is whether Employer should have to pay Claimant $100,000.00 in medical expenses already paid by State Farm Insurance Company.

■ We note that our scope of review is limited to determining whether an error of law was made, constitutional rights were violated, or whether the findings of fact were supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Commonwealth Ct. 436, 550 A.2d 1364 (1988). Also, since the Board took no additional evidence, we must accept the referee's findings of fact, if supported by substantial evidence. *PSFS/Meritor Financial v. Workmen's Compensation Appeal Board (Walker)*, 145 Pa. Commonwealth Ct. 433, 603 A.2d 692 (1992).

The following facts as found by the referee are relevant. Claimant was an assistant band director and instructional music teacher for grades four through twelve. She was injured on January 18, 1986, while returning home from what the Band Parents characterized as a belated Russian Christmas party.[2] Prior thereto, the band director, Mr. Alan Skwarla, had advised Claimant that he would be taking a leave of absence, that she would be acting as band director and that she should participate in all Band Parents events since the

1. The issue of whether or not an employee was in the course of employment at the time of injury is a question of law to be resolved based on the referee's findings of fact. *Denny's Restaurant v. Workmen's Compensation Appeal Board (Stanton)*, 142 Pa. Commonwealth Ct. 531, 597 A.2d 1241 (1991).

2. The party was held in the evening on January 17, 1986. Claimant's accident occurred after midnight, thus making the date of injury January 18, 1986.

group was instrumental "in providing a quality band program in the school district."[3] Finding of Fact No. 7.

Further, the referee stated that "[a]lthough [Mr. Skwarla] was not formally her supervisor, he had been in charge of the band for some time. The claimant reasonably believed that he was the proper person to advise her with respect to the details of her duties as his assistant." Finding of Fact No. 7.

In addition, the referee found that the Band Parents' function "was neither a regularly scheduled meeting nor an annual social event. This gathering was held by the Band Parents principally to enable the claimant to reassure the parents that the band programs would continue, and to discuss upcoming sales and field trips in which the claimant would now be playing a more major role." Finding of Fact No. 10. Further, the referee stated that Claimant "was returning home from a special function which was planned to deal with a near emergency situation—Alan Skwarala's [sic] abrupt departure." Referee's October 15, 1990 Decision at 6.

The referee concluded that the circumstances in the case *sub judice* constituted an exception to the "going and coming rule," the general rule that injuries sustained while going and coming from work are usually not compensable.[4] Accordingly, she found that "claimant's attendance at the meeting on January 17, 1986 was a a special mission and/or special circumstance of her employment"[5] and that "[t]he injuries which the claimant sustained ... occurred in the course of her employment...."[6]

The applicable portion of Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act),[7] which stands for the proposition that an employee is deemed to have suffered an

---

3. Among other things, the organization conducted fund raising activities, provided chaperons, and served lunches at band camp.

4. *Action, Inc. v. Workmen's Compensation Appeal Board (Talerico)*, 116 Pa. Commonwealth Ct. 81, 540 A.2d 1377 (1988), *affirmed*, 523 Pa. 419, 567 A.2d 1040 (1990).

5. Finding of Fact No. 11.

6. Finding of Fact No. 13.

7. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1).

injury in the course of employment if he was injured while actually engaged in the furtherance his employer's business or affairs, provides as follows:

(1) The terms 'injury' and 'personal injury', as used in this act, shall be construed to mean an injury to an employe ... arising in the course of his employment and related thereto, ... The term 'injury arising in the course of his employment' as used in this article ... shall include all ... injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere....

77 P.S. § 411(1).

Since Claimant's injury occurred off her Employer's premises, we must determine whether she was actually engaged in the furtherance of Employer's business when she was injured. *Brown v. Workmen's Compensation Appeal Board (Liken Employment Nursing Services)*, 138 Pa. Commonwealth Ct. 560, 588 A.2d 1014, *petition for allowance of appeal denied*, 529 Pa. 625, 600 A.2d 540 (1991). As we previously noted in *Feaster v. S. Kelso & Sons*, 22 Pa. Commonwealth Ct. 20, 347 A.2d 521 (1975), the question of whether a claimant was actually engaged in the furtherance of his employer's business must be liberally construed. *Scott v. Workmen's Compensation Appeal Board (Packaging Corporation)*, 113 Pa. Commonwealth Ct. 80, 536 A.2d 492 (1988).

The referee's findings that band business was conducted at the January 17, 1986 meeting and that Claimant was there ensuring the orderly continuation of band activities are supported by substantial evidence. Claimant testified that she reassured those present at the meeting that she would do all that she could to maintain the quality of the band. R.R. p. 105. Further, she testified that the only issues discussed were those related to the band. She had nothing else in common with the members. *Id.* at 106.

Additionally, Mrs. Joyce Tatsch, a former president of the Band Parents and present at the event, testified that some of the topics discussed that night included an upcoming band

trip, sales and how money was to be collected from the students. R.R. pp. 136–137. As she explained with regard to the trip, the bank director had to make arrangements for a performance site, hotels and anything related to the trip. The Band Parents acted as her support on such outings. *Id.* at 137. Thus, it was important for the Band Parents to know what plans had been made for the trip.

Accordingly, we agree that Claimant was actually engaged in furthering the business of her Employer at the function. The next issue that we must address is whether she was still in the course of employment on her return home from the event.

■ An employee will be considered to have sustained an injury in the course of employment, as an exception to the "going and coming rule," when: (1) the claimant's employment contract included transportation; (2) the claimant had no fixed place of employment; (3) the claimant was on a special assignment; or (4) special circumstances indicate that the claimant was on the business of the employer. *Denny's Restaurant v. Workmen's Compensation Appeal Board (Stanton)*, 142 Pa. Commonwealth Ct. 531, 597 A.2d 1241 (1991). Exceptions three and four are at issue here.

■ The referee found that the belated Russian Christmas party was not a regularly scheduled meeting of the Band Parents, that the group had never before held a belated Russian Christmas party and that the band director's imminent leave of absence created a near emergency situation. On that basis, she concluded that Claimant satisfied either the third or fourth exception to the "going and coming" rule. Finding of Fact No. 11.

Employer argues that Claimant fits neither of the exceptions because participation in Band Parents functions was a normal part of her duties. Thus, Employer contends that her return home from the belated Russian Christmas party was identical to her return home from her usual employment site and not compensable.

Employer cites *Action, Inc. v. Workmen's Compensation Appeal Board (Talerico)*, 116 Pa. Commonwealth Ct. 81, 540 A.2d 1377 (1988), *affirmed*, 523 Pa. 419, 567 A.2d 1040 (1990), in support of its argument. In *Action*, an insurance adjuster attended a monthly meeting of the Northeastern Claims Association. Upon reaching his home, he fatally injured himself on a metal pipe in the yard while attempting to negotiate an icy driveway. We held that, since this monthly meeting was a part of his regular duties, he was not on a special mission which constituted an exception to the "going and coming rule." Thus, his trip home from the meeting was indistinguishable from his more frequent trips home from the office.

However, the referee found that Claimant's attendance at the January 17, 1986 Band Parents event was not part of her normal duties. Further, the referee found that Mr. Skwarla requested that Claimant attend this specific function due to his departure and her probable assumption of his position as band director. Therefore, her attendance at the January 17, 1986 event was special. We find the *Action* case to be distinguishable on that basis.

In *Miller v. Keystone Appliances, Inc.*, 133 Pa. Superior Ct. 354, 2 A.2d 508 (1938), a salesman was killed in a car accident returning home from an employer-sponsored picnic held for purposes of having employees getting better acquainted. The Pennsylvania Superior Court found that the deceased was actually engaged in the furtherance of the business or affairs of the employer because he "was enroute [sic] to his home from a place to which he had gone to carry out what was, in effect, a special mission or errand for his employer, and precedents are not lacking to support the proposition that under such circumstances he was in the course of his employment *until he returned to his home.*" *Miller*, 133 Pa. Superior Ct. at 358, 2 A.2d at 509 (emphasis added).

Just as the deceased in *Miller* was engaged in a special mission on his return home from the picnic, Claimant in the case *sub judice* was engaged in the mission of ensuring the continuation of the school band on her return home from the January 17, 1986 event.

In *Macke Vending Co. v. Abrams*, 27 Pa. Commonwealth Ct. 490, 365 A.2d 451 (1976), the employer requested that the employee attend a meeting and dinner in Williamsport, Pennsylvania. After the dinner, the employee and some co-workers visited a friend and then attempted to return home. En route, they were involved in a car accident which proved fatal to the employee. We held that, even though the employee did not return directly home, the employee was still considered to be on a mission at the direction of his employer because his deviation from the course of employment was slight in nature.

Similarly, in the case *sub judice*, the band director specifically requested that Claimant be present at the belated Russian Christmas party.[8] Since Claimant was attempting to return directly to her home after the event, there was not even a slight deviation to consider. We find *Macke* to be analogous to the case at bar.

Because substantial evidence exists to support the referee's findings that the belated Russian Christmas party was not one of the Band Parents' regularly scheduled events and was almost in the nature of an emergency due to the departure of the band director, we conclude that these factors brought the event into the ambit of a "special mission," that of ensuring the continued cooperation between the band director and the Band Parents. Thus, her return trip from that event was conducted in the course of employment and compensable.[9] *Macke; Miller.*

The final issue is whether Employer should have to pay $100,000.00 in medical expenses already paid by State Farm Insurance Company. Employer contends that payment to the Claimant would constitute double recovery and an improper windfall. We disagree.

In *Frymiare v. Workmen's Compensation Appeal Board (D. Pileggi & Sons)*, 105 Pa. Commonwealth Ct. 325, 330–31,

---

8. Dr. Thomas C. Wilkinson, Superintendent of the Schools in the Monessen School District, testified that the assistant band director was expected to follow the band director's suggestions. R.R. p. 175.

9. Because we agree that Claimant satisfied the third exception, we need not address the fourth exception to the "going and coming" rule.

524 A.2d 1016, 1019 (1987), *petition for allowance of appeal denied,* 518 Pa. 644, 542 A.2d 1372 (1988), we held that "[t]he workmen's compensation insurer is responsible to pay medical expenses of a claimant injured in the course of his employment, and this obligation may not be avoided on the basis that some other source ... may have initially defrayed such costs." In *Frymiare,* the other source at issue was the health insurance plan of the claimant's wife.

■■■■ We find no relevant distinction between the source in *Frymiare* and that in the case *sub judice.* Thus, we agree that Employer must pay Claimant the $100,000.00 in medical expenses and any interest due.[10]

Accordingly, for the reasons stated, we affirm.

### ORDER

AND NOW, this 14th day of April, 1993, we affirm the order of the Workmen's Compensation Appeal Board, dated June 8, 1992 at A90–2471.

---

**10.** As we noted in *Frymiare,* the employer has an absolute obligation to pay interest on medical bills.