668 A.2d 529

Anthony J. VETTER, administrator of the estate of Roxanne Vetter, deceased, and Anthony J. Vetter and Sally Vetter, his wife, individually, Appellants,

v.

FUN FOOTWEAR COMPANY, also d/b/a Fun Shu, Ltd., McAdoo Fuels, Inc., t/a Stefanisko's Catering Service, Commonwealth of Pennsylvania, Black Creek Township, and Sugarloaf Township.

Superior Court of Pennsylvania.

Argued Sept. 11, 1995.

Filed Nov. 30, 1995.

Catherine A. McGovern, Freeland, for appellants.

Ralph E. Kates, III, Wilkes–Barre, for Fun Footwear, appellee.

Before ROWLEY, President Judge, and CAVANAUGH, BECK, TAMILIA, KELLY, JOHNSON, HUDOCK, FORD ELLIOTT and SAYLOR, JJ.

ROWLEY, President Judge.

In this appeal, we consider whether an employee, who is injured in an automobile accident after leaving an employer-sponsored Christmas party, can maintain a personal injury action against her employer, or whether her exclusive remedy is under the Workers' Compensation Act, 77 P.S. § 1 *et seq.* After reviewing the record, the parties' briefs, and the applicable case law, we vacate the judgment on the pleadings granted in favor of appellee Fun Footwear Company, also d/b/a Fun Shu, Ltd., and we remand for further proceedings consistent with this opinion.

Roxanne Vetter, the deceased daughter of appellants Anthony J. and Sally Vetter, was employed by appellee on December 18, 1982, when she attended an employer-sponsored Christmas party. Vetter left the party with three co-workers

in a car driven by one of those co-workers, David Zook. Although he was under the age of twenty-one, Zook had been served alcoholic beverages at the party and was visibly intoxicated. After a brief stop at his mother's house, Zook proceeded on a state road in Luzerne County. He subsequently lost control of his car and struck a tree. Vetter was fatally injured in the accident.

Vetter's parents, individually, and Anthony J. Vetter, as administrator of his daughter's estate, filed an action for wrongful death and survival against, *inter alia*, appellee, alleging that appellee had been negligent in allowing Zook to consume alcoholic beverages at the Christmas party. Appellee filed a motion for judgment on the pleadings on the basis that appellants' exclusive remedy was under the Workers' Compensation Act. On March 29, 1994, the trial court granted appellee's motion and dismissed it from the action. Appellants filed this timely appeal.[1]

In reviewing an order granting a motion for judgment on the pleadings, we apply the following principles:

Entry of judgment on the pleadings is permitted under Pa.R.C.P. 1034 which provides for such judgment after the pleadings are closed, but within such time as not to delay trial. A motion for judgment on the pleadings is similar to a demurrer. It may be entered where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. The scope of review on an appeal from the grant of judgment on the pleadings is plenary. We must determine if the action of the court below was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury.

*Kosor v. Harleysville Mutual Insurance Company*, 407 Pa.Super. 68, 71–72, 595 A.2d 128, 129–30 (1991) (citations omitted).

---

1. The remaining defendants were dismissed from the case and are not parties to this appeal.

With those principles in mind, we will address the issue raised in this appeal.

■■■ The Workers' Compensation Act provides the exclusive remedy for an employee who seeks to recover for an injury sustained in the course of his or her employment:

> (a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) [77 P.S. § 411(1) and (2) ] or occupational disease as defined in section 108 [77 P.S. § 27.1]

77 P.S. § 481(a) (footnotes omitted). Section 411 of the Act provides as follows:

> (1) The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto. . . . The term "injury arising in the course of his employment," as used in this article, . . . shall include all [ ] injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere. . . .

77 P.S. § 411(1). Where, as here, the injury at issue occurs off the employer's premises, it is compensable under the Workers' Compensation Act only if, at the time of the injury, the employee was actually engaged in the furtherance of her employer's business. *City of Monessen School District v. Workmen's Compensation Appeal Board (Hays)*, 155 Pa.Commonwealth Ct. 56, 624 A.2d 734 (1993); *Brown v. Workmen's Compensation Appeal Board (Liken Employment Nursing Services)*, 138 Pa.Commonwealth Ct. 560, 588 A.2d 1014 (1991), *appeal denied,* 529 Pa. 625, 600 A.2d 540 (1991). Whether an injury occurred while the employee was engaged in furtherance of her employer's business is a question of law

to be determined on the basis of the applicable facts. *Speight v. Burens*, 371 Pa.Super. 478, 483, 538 A.2d 542, 544 (1988).

Both this Court and the Commonwealth Court have held that an employee's attendance at an employer-sponsored social event is in furtherance of the employer's business for purposes of the Workers' Compensation Act. For example, in *Miller v. Keystone Appliances*, 133 Pa.Super. 354, 2 A.2d 508 (1938), this Court determined that an employee acted in the course of his employment when he attended an employer-sponsored picnic because the picnic was held so that the employees could become better acquainted and have a good time, and so that there would be better cooperation in the company's business. The evidence which supported that determination was, according to the Court, ample. Specifically, the employer arranged for the facilities where the picnic was held, the employer purchased and distributed tickets for amusements and refreshments without cost to the employees who attended, and the employer closed its offices on the day of the picnic without deducting wages for the salaried employees. A program of entertainment and sports was arranged, with two sales managers being in charge of the entertainment. The president of the company spoke to the attendees, addressing work-related business. The employer mailed notices about the picnic, and salesmen received bulletins from the sales promotion manager notifying them of the picnic and outlining the day's activities. Finally, the employee was directed to attend the picnic by his supervisor, who personally ascertained the number of salesmen attending. Under those circumstances, the Court held that the employee was injured while in the course of his employment.

Similarly, in *Feaster v. S.K. Kelso & Sons*, 22 Pa.Commonwealth Ct. 20, 347 A.2d 521 (1975), the Commonwealth Court concluded that the purpose of an employer-sponsored picnic was to promote the employer's interest in good relationships with his employees, relying on the following circumstances:

> The stipulation here filed establishes that the picnic at which Mr. Feaster met his death was sponsored by the employer for its employees and their families, that food was

supplied by the employer, that the picnic was announced by a poster at the place of employment and that such affairs had become an annual custom with this employer.

*Id.* at 25, 347 A.2d at 524. Therefore, the employee's attendance at the picnic furthered his employer's business.

In *Tredyffrin–Easttown School District v. Breyer*, 48 Pa.Commonwealth Ct. 81, 408 A.2d 1194 (1979), the employee, a high school math teacher and a volunteer assistant coach for the school's track team, attended a picnic held at the home of the head track coach. In holding that the employee was engaged in the furtherance of his employer's business when he was injured at the picnic, the Court stated,

It cannot be gainsaid that the picnic in the instant case promoted the School District's interest in good relationships between its teachers and their students and the vitality of its athletic programs.

The School District, through its employees, encouraged the claimant to participate in extracurricular activities with his students. The picnic for senior members of the track team was an eleven year tradition and a normal part of the activities involved in the track and field program at Conestoga. Claimant went to the picnic in furtherance of activities on behalf of which the School District approved the claimant's voluntary services.

*Id.* at 84, 408 A.2d at 1195.

In *Investors Diversified Services v. Workmen's Compensation Appeal Board (Howar)*, 103 Pa.Commonwealth Ct. 562, 520 A.2d 958 (1987), the employee attended a Christmas party for sales representatives given by the employer's divisional sales manager. The manager encouraged the employee to attend the party so as to promote camaraderie among the employees and to permit them to associate with successful people. Several employees received awards in recognition of high sales performance. The Court concluded that the "party fostered good relationships between the employer's salesmen, commended laudable employees, and thereby promoted the vitality of the employer's sales program." *Id.* at 567, 520 A.2d

at 960. Therefore, the Court held that the employee had attended the party in furtherance of his employer's business interest.

More recently, in *City of Monessen, supra*, the employee, an assistant band director and instructional music teacher, was injured as she was returning home from a Band Parents Organization function. The function had been characterized as a belated Russian Christmas party. However, prior to the function, the band director had advised the employee that he was taking a leave of absence and that she would be acting as band director. He also advised her that she should participate in all Band Parents events because the group was instrumental in providing a quality band program in the school district.

Although the function was characterized as a Christmas party, band business was conducted. Furthermore, the employee attended the function to ensure the orderly continuation of band activities and to reassure those present that band activities would continue and that she would do all she could to maintain the quality of the band. Additionally, a band trip, sales, and the collection of money from students were discussed at the function. Under those circumstances, the Court concluded that the employee was engaged in the furtherance of her employer's business.

On the other hand, the Commonwealth Court in *Brown, supra*, determined that an employee's attendance at her employer's annual Christmas party, held at the employer's office, was not in furtherance of the employer's business. The Court so held even though the employee had received information about a job assignment at the party. Notably, the employee had accepted the job assignment prior to the party, and the information would have been provided to her even if she had not attended the party. Under those circumstances, the Court determined that the employee's attendance at the party was not necessary to further her employer's interests.

As the Commonwealth Court's decision in *Brown* reveals, and contrary to appellee's apparent position, an employee's presence at an employer-sponsored social gathering

does not, in and of itself, require a determination that the employee was acting in furtherance of her employer's business. In the present case, the averments in the pleadings which related to the party and Vetter's attendance thereof, and the ensuing accident, are as follows:

10. In the early evening hours of December 18, 1982, the deceased plaintiff, Roxanne Vetter, attended a Christmas party which was sponsored and promoted by the Defendant, Fun Footwear Company, also doing business as Fun Shu, Ltd., which party took place on the premises of McAdoo Fuels, Inc., trading as Stefanisko's Catering Services. At or near the conclusion of the party, sometime after midnight on December 19, 1982, the plaintiff, along with other persons obtained a ride from the party with the aforesaid David F. Zook, who was at this time, a minor under the employ of Defendant, Fun Footwear Company also doing business as Fun Shu, Ltd. During the course of the evening at the aforesaid party, David F. Zook was seen acting in an erratic and bizzare [sic] manner by other third parties present at the time. Upon departing from the premises of Stefanisko's Catering Services, the said David F. Zook proceeded to his home at 1083 Peace Street, Hazleton, Pennsylvania, where he entered to speak to his mother, Anna F. Zook. Upon leaving from the household in his car, the said David F. Zook proceeded in a westbound direction on Pennsylvania Route A–3802, Legislative Route 40143, in or near the vicinity of the Village of Tomhicken, & was rounding a curve to the right in the road, which was then in a very poorly lit and otherwise dangerous condition causing his vehicle to leave the westbound lane of the road, cross over into the eastbound lane and onto the south berm where it continued for some distance before leaving the road entirely, travelling off the embankment, which was without the benefit of appropriate guard rail protection, allowing the vehicle to come into violent contact with a tree, or series of trees which were located a few feet away from the berm of the road, resulting in a violent collision which propelled and ejected the minor plaintiff into and through the front wind-

shield of the vehicle thereby sustaining multiple traumatic injuries culminating in ultimate death on December 19, 1982.

Complaint at para. 10. In raising the applicability of the Workers' Compensation Act, appellee merely stated, "Plaintiff's decedent was an employee of the within Defendant and this action is barred by the Pennsylvania Workers Compensation Law which provides the within Defendant with immunity from suit and is the exclusive remedy for the recovery of the damages and/or injuries sustained by Plaintiff's decedent." Appellee's Answer, New Matter, Affirmative Defenses and Joinder of Additional Defendants at para. 54. The nature of the party and the circumstances surrounding Vetter's attendance are not revealed by the pleadings.[2] Accordingly, a finding that the action is barred by the Workers' Compensation Act cannot be upheld.

Furthermore, in considering the applicability of the holdings in the above cases, the procedural posture of the present case cannot be overlooked. Pursuant to the applicable standard of review, discussed above, we have examined the pleadings, giving appellants the benefit of every reasonable inference which can be drawn from those pleadings, and we find no basis to conclude that Roxanne Vetter was engaged in the furtherance of her employer's business while attending the party.

2. It is interesting to note that in its Complaint to Join Amalgamated Clothing and Textile Workers of America Local 238A, appellee averred the following:

5. The Christmas party described in paragraph 10 of Exhibit "A" [appellants' complaint] was planned and sponsored by officers and/or agents of the additional defendant.

6. Plaintiff's decedent attended the Christmas party described in paragraph 10 of Exhibit "A" as a member of this additional defendant.

7. Officers and/or directors of this additional Defendant attended the Christmas party identified in paragraph 10 of Exhibit "A" and were responsible for maintaining orderly and lawful conduct among their union members.

Complaint at paras. 5, 6, 7. Appellee's position that Vetter attended the Christmas party in her capacity as a union member is not consistent with its present position that her attendance at the party was in furtherance of its business.

■ Moreover, even if Vetter was acting in furtherance of her employer's business while at the party, her injuries occurred after she left the party, a fact which implicates the "going and coming rule." Under that rule, an injury sustained by an employee traveling to or from work is not compensable under the Workers' Compensation Act, unless (1) the employee's employment contract included transportation to and from work; (2) the employee had no fixed place of work; (3) the employee was on a special mission for the employer; or (4) special circumstances indicate that the employee was furthering the business of the employer. *Biddle v. Workmen's Compensation Appeal Board (Thomas Mekis & Sons, Inc.)*, 539 Pa. 343, 346–348, 652 A.2d 807, 809 (1995).

Applying that rule in *City of Monessen, supra*, the Commonwealth Court, after concluding that the employee was furthering her employer's business while at the party, next addressed whether the employee was still in the course of her employment on her return home from the function. The Court answered that question in the affirmative:

> Because substantial evidence exists to support the referee's findings that the belated Russian Christmas party was not one of the Band Parents' regularly scheduled events and was almost in the nature of an emergency due to the departure of the band director, we conclude that these factors brought the event into the ambit of a "special mission," that of ensuring the continued cooperation between the band director and the Band Parents. Thus, her return trip from that event was conducted in the course of employment and compensable.

*City of Monessen, supra* at 64, 624 A.2d at 738 (footnote and citations omitted). *See also Peterson v. Workmen's Compensation Appeal Board (PRN Nursing Agency)*, 528 Pa. 279, 597 A.2d 1116 (1991) (employee had no fixed place of work); *Miller, supra* (employee had been on a special mission for his employer).

In the present case, there is no indication in the pleadings that Vetter's employment contract included transportation, that she had no fixed place of employment, that she was on a

special mission, or that special circumstances indicate that she was furthering the business of her employer. There is also nothing in the pleadings from which to determine whether Vetter was a traveling employee, who is presumed to be acting in the course of employment during travel, or a stationary employee, who is presumed to have not been acting in the course of employment during travel. *Denny's Restaurant v. Workmen's Compensation Appeal Board (Stanton)*, 142 Pa.Commonwealth Ct. 531, 597 A.2d 1241 (1991). Accordingly, judgment on the pleadings was not appropriate under the circumstances of this case.

■ In reaching that conclusion, we are mindful of this Court's decision in *Zook v. Fun Footwear*, 364 Pa.Super. 657, 525 A.2d 824 (1987), *appeal denied*, 518 Pa. 626, 541 A.2d 1138 (1987), a case which arose out of the same set of facts as the present case. A panel of this Court, in an unpublished memorandum, held that Zook's exclusive remedy for injuries sustained in the accident was under the Workers' Compensation Act. Appellees contend that this Court should follow *Zook*, notwithstanding its status as an unpublished memorandum. We disagree. An unpublished memorandum has no precedential value, *Boring v. Erie Insurance Group*, 434 Pa.Super. 40, 43–44, 641 A.2d 1189, 1191 (1994), but may be relied upon or cited when it is relevant under the doctrine of the law of the case, res judicata, or collateral estoppel, *id.* (quoting Superior Court of Pennsylvania, Internal Operating Procedures, § 65.37A). None of those principles are applicable in this case.

Moreover, the trial court and this Court in *Zook* relied upon averments in the pleadings which are not present in this case, specifically:

8. On December 18, 1982, [appellee] held a Christmas party for its employees and sold tickets for the party to its employees.

9. The purchase of a ticket entitled the employee to a dinner and open bar.

10. The aforementioned Christmas party was held at Stefinisko's [sic] Catering hall; catered by Stefinisko's [sic] Catering Service which provided food and beverages, including alcoholic beverages, for the party; and employees and/or agents of Stefinisko's [sic] Catering Service dispensed and distributed the food and beverages, including alcoholic beverages, at the party.

11. [Appellant] purchased a ticket to the aforementioned Christmas party from an employee or agent of [appellee] acting within the scope of his employment or agency.

*Zook,* slip op. at 5. The pleadings filed in the present case lack any specifics concerning the circumstances of the Christmas party.

Finally, we note that the Commonwealth Court's decision in *Brown,* with which we agree and upon which we substantially rely, was not decided when this Court decided *Zook.* For the above reasons, we conclude that the decision in *Zook* is not controlling in this case.

Judgment vacated and case remanded for further proceedings. Jurisdiction is relinquished.

CAVANAUGH, J., files concurring opinion which is joined by SAYLOR, J.

TAMILIA, J., files a dissenting statement.

CAVANAUGH, Judge, concurring:

While I agree with the majority opinion which vacates the judgment on the pleadings and remands for further proceedings, I disagree with the disposition as it relates to a prior conflicting decision of this court.

As the majority states, *Zook v. Fun Footwear,* 364 Pa.Super. 657, 525 A.2d 824 (1985) *appeal denied,* 518 Pa. 626, 541 A.2d 1138 (1987) was a case which arose out of the same set of facts. Indeed, it also involved precisely the same issue: whether or not the Zook vehicle at the time of the collision on December 18, 1982 was engaged in an activity covered by the Pennsylvania Worker's Compensation Act. The Zook panel

decided that it was covered by the Act and affirmed a trial court order which dismissed the employer of Zook (who is also the employer of the present plaintiff's decedent Roxanne Vetter) on the basis of the exclusivity provision of the Worker's Compensation Act. *Zook* was decided on an appeal from the grant of preliminary objections and the present decision is an appeal from judgment on the pleadings. Thus, both decisions have been rendered on non-evidentiary trial court dispositions yet, *Zook* found Worker's Compensation Act coverage and we presently find (at least on the state of the record before us) that the exclusivity provision of the Act does *not* apply. The cases are in obvious conflict and the decisional credibility of this court requires that the *Zook* case be either followed or overruled. I would choose to follow the majority, but would overrule *Zook*.

TAMILIA, Judge, dissenting.

I dissent and would affirm the Honorable Joseph M. Augello's Order of March 29, 1994 granting Fun Footwear Company's Motion for Judgment on the Pleadings.

This Court's decision in *Zook v. Fun Footwear, et al.*, 364 Pa.Super. 657, 525 A.2d 824 (1985), *alloc. denied*, 518 Pa. 626, 541 A.2d 1138 (1987), is the law of this case and should be followed by this Court en banc.

Because our Supreme Court denied allocatur in *Zook*, I do not believe we have the option of overruling our decision therein as is suggested in Judge Cavanaugh's Concurring Opinion.