J-S68044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARK A. MISHLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIE INSURANCE COMPANY, AND | : | No. 905 WDA 2018 |
| SUBE INSURANCE, INC. | : | |

Appeal from the Order Entered May 16, 2018
In the Court of Common Pleas of Somerset County Civil Division at
No(s): 721 Civil 2017

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS[*], P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED JANUARY 31, 2019**

This appeal lies from the order entered in the Court of Common Pleas of Somerset County granting a Motion for Judgment on the Pleadings filed by Erie Insurance Company (hereinafter "Erie") and declaring that Erie has no duty to tender underinsured motorist benefits to Mark A. Mishler, following an October 17, 2014 motor vehicle accident. After careful review, we affirm.

Mishler filed this action against Erie and Sube Insurance, Inc. (hereinafter "Sube") in connection with a October 17, 2014 motor vehicle accident that occurred while Mishler was operating a tri-axle truck owned and maintained by his employer, Barron Trucking. Mishler lost control of his truck when a vehicle in the opposite lane of traffic veered into his lane, causing Mishler's truck to overturn.

_____

[*] Former Justice specially assigned to the Superior Court.

- 1 -

The driver who caused the accident maintained a $50,000 insurance policy through Nationwide, which tendered the full liability coverage to Mishler for his injuries. Alleging that this amount was not sufficient to cover his severe injuries, Mishler made an underinsured motorist ("UIM") claim to Barron Trucking's insurer, HDI-Gerling American Insurance Company, which tendered its full $35,000.00 underinsured coverage to Mishler.

Mishler then filed a claim under his personal automobile insurance policy issued by Erie through Sube, in which Mishler had purchased optional underinsured and uninsured motorist coverage ("UM") with stacked coverage of $100,000.00 in the event of such a claim. Erie denied Mishler's request for UIM coverage, citing a "regularly used, non-owned vehicle exclusion" in the policy which stated that the insurance did not apply to "bodily injury to you or a resident using a non-owned motor vehicle or a non-owned miscellaneous vehicle which is regularly used by you or a resident, but not insured for Uninsured or Underinsured Motorists Coverage under this policy." UIM/UM Coverage Endorsement, at 3 (internal quotation marks omitted).

In his complaint, Mishler sought a declaratory judgment that Erie was liable for UIM coverage under his personal automobile insurance policy. Mishler also raised a negligence claim against Sube alleging that its employees knew or should have known Mishler expected his personal automobile policy would provide coverage for accidents in the course of his employment. In its Answer and New Matter, Erie also raised a counterclaim asking the lower court

for a declaratory judgment that Mishler was ineligible for underinsured benefits based upon the "regular use" exclusion.

On March 14, 2018, Erie filed a Motion for Judgment on the Pleadings along with a Praecipe for Argument, after which argument was scheduled for April 18, 2018. On April 5, 2018, Mishler filed a Motion for Summary Judgment, claiming the "regular use" exclusion was not applicable given additional facts included in an affidavit attached to his motion. At the conclusion of the April 18, 2018 hearing, the trial court stated the following:

> The facts in the pleadings clearly indicate that Mr. Mishler was a commercial truck driver. His job each and every day when he went to work was to drive a truck for Barron Trucking.
> The facts pled indicate that Mr. Mishler regularly and habitually used his employer's trucks to perform his job. Driving his employer's trucks was a principal part of Mr. Mishler's job. The trucks used by plaintiff Mishler were regularly made available to him by his employer from the employer's fleet of trucks.
> And, I find based on the facts pled in the complaint that no reasonable Jury could conclude that [Mishler's] use of the truck in question was casual, occasional or incidental; and, therefore, I find that the regular use exception or exclusion does apply.
> ***
> Therefore, I am going to grant [Erie's] motion for judgment on the pleadings . . . .

Oral Argument, 4/18/18, at 23-24. Although the lower court stated on the record that it granted Erie's motion for judgment on the pleadings, the trial court's order (dated April 18, 2018) was not docketed.

On May 15, 2018, Mishler filed a motion to certify the issue as a final order or to grant reconsideration, arguing the lower court was precluded from granting Erie's Motion for Judgment on the Pleadings by the filing of Mishler's

J-S68044-18

Motion for Summary Judgment. On May 16, 2018, the lower court formally docketed its order granting Erie's Motion for Judgment on the Pleadings. On June 11, 2018, the lower court entered an order declining to certify its order as a final order.

Mishler filed a timely appeal and complied with the lower court's order to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). Mishler raises the following claims on appeal:

> I. Whether the Court's Order granting Defendant Erie's Motion for Judgment on the Pleadings arising from [Erie's] Counterclaim for Declaratory Judgment constitutes a final order pursuant to the Declaratory Judgment Act, 42 Pa.C.S. [§] 7532 which should be subject to appeal to the Superior Court of Pennsylvania, despite [Mishler's] ancillary claim against the insurance agency which processed the policy application, since such Order removes Defendant Erie from participation in the case and will delay ultimate resolution of the coverage issue upon which both claims rest?
>
> II. Whether the Court erred as a matter of law in granting Defendant Erie's Motion for Judgment on the Pleadings when [Mishler] had filed a timely Motion for Summary Judgment with Supporting Affidavit raising material facts to which Defendant Erie had not been afforded the opportunity to respond as mandated by Pa.R.C.P. 1035.3(a)?

Mishler's Brief at 5-6 (reordered for ease of review).

Erie filed an application to quash the appeal, claiming the lower court's April 18, 2018 order was interlocutory and not appealable. On August 16, 2018, this Court denied the application without prejudice for Erie to re-raise the issue in its brief. Erie again raises the issue of this Court's jurisdiction.

- 4 -

Before we reach the merits of this appeal, it is necessary to determine whether this appeal is properly before this Court. "[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." **Kulp v. Hrivnak**, 765 A.2d 796, 798 (Pa.Super. 2000) (citation omitted).

It is well-established that an appeal may properly lie from "(1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 42 Pa.C.S. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)." **In re Estate of McAleer**, 194 A.3d 587, 592 (Pa.Super. 2018).

Pennsylvania Rule of Appellate Procedure 341 defines a final order:

> **(a) General Rule**.--Except as prescribed in paragraphs (d) and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.
>
> **(b) Definition of Final Order**.--A final order is any order that:
>
> (1) disposes of all claims and of all parties; or
>
> (2) RESCINDED[1]
>
> (3) is entered as a final order pursuant to paragraph (c) of this rule.
>
> **(c) Determination of finality**.--When more than one claim for relief is presented in an action, whether as a claim,

---

[1] Section 341(b)(2) previously stated that final orders included "any order that is expressly defined as a final order by statute[.]" Pa.R.A.P. 341(b)(2) (rescinded). Subsection (b)(2) was rescinded December 14, 2015 and replaced with Rule 311(a)(8), which became effective on April 1, 2016.

counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, ***any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.***

Pa.R.A.P. 341(c) (emphasis added). We recognize that this Court has held that "interlocutory orders dismissing various parties piecemeal from a lawsuit may not be appealed until the case is concluded as to the final remaining party and the case is therefore resolved as to all parties and all claims. ***Burkey v. CCX, Inc.***, 106 A.3d 736, 738 (Pa.Super. 2014). In this case, the lower court's order cannot be deemed final under Rule 341 as it did not resolve Mishler's negligence claim against Sube.

However, Rule 311, which addresses interlocutory appeals as of right, specifically states, in part, that an "appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from ... [a]n order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties." Pa.R.A.P. 311(a)(8).[2] Relevant to the instant

_____

[2] Our Supreme Court has found the repealed Rule 341(b)(2) and the effective Rule 311(a)(8) are "functionally equivalent in that they both explain that an order is final if it is defined as final by statute." ***Pennsylvania Manufacturers' Ass'n Ins. Co. v. Johnson Matthey, Inc.***, ___Pa.___, 188 A.3d 396, 399 n.4 (2018). The note to Rule 341 explains the rationale for the

_____

rescission of subparagraph (b)(2) and specifically discusses its effect on appeals from orders granting or denying a declaratory judgment:

> The 2015 rescission of subparagraph (b)(2) eliminated a potential waiver trap created by legislative use of the adjective "final" to describe orders that were procedurally interlocutory but nonetheless designated as appealable as of right. Failure to appeal immediately an interlocutory order deemed final by statute waived the right to challenge the order on appeal from the final judgment. Rescinding subparagraph (b)(2) eliminated this potential waiver of the right to appeal. If an order designated as appealable by a statute disposes of all claims and of all parties, it is appealable as a final order pursuant to Pa.R.A.P. 341. If the order does not meet that standard, then it is interlocutory regardless of the statutory description. Pa.R.A.P. 311(a)(8) provides for appeal as of right from an order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims or of all parties and, thus, is interlocutory; Pa.R.A.P. 311(g) addresses waiver if no appeal is taken immediately from such interlocutory order.
>
> One of the further effects of the rescission of subparagraph (b)(2) is to change the basis for appealability of orders that do not end the case but grant or deny a declaratory judgment. *See Nationwide Mut. Ins. Co. v. Wickett*, 763 A.2d 813, 818 (Pa. 2000); *Pa. Bankers Ass'n v. Pa. Dep't. of Banking*, 948 A.2d 790, 798 (Pa. 2008). The effect of the rescission is to eliminate waiver for failure to take an immediate appeal from such an order. *A party aggrieved by an interlocutory order granting or denying a declaratory judgment, where the order satisfies the criteria for "finality" under Pennsylvania Bankers Association, may elect to proceed under Pa.R.A.P 311(a)(8) or wait until the end of the case and proceed under subparagraph (b)(1) of this rule.*

Pa.R.A.P. 341, Note (emphasis added).

- 7 -

case, Section 7532 of the Declaratory Judgment Act provides that courts of record have the power to declare the rights, status, and other legal relations and that "such declarations shall have the force and effect of a final judgment or decree." 42 Pa.C.S.A. § 7532.

Our Supreme Court has recently discussed the appealability of declaratory judgment decrees:

> In ***Nationwide Mutual Insurance Co. v. Wickett***, 563 Pa. 595, 763 A.2d 813 (2000), a trial court order declared the rights of the plaintiffs relative to some, but not all, of the defendants. Although the order did not dispose of all claims and of all parties, this Court nonetheless held that the order was final and appealable pursuant to Pa.R.A.P. 341(b)(2) (rescinded), which was the predecessor to Pa.R.A.P. 311(a)(8), and Section 7532 of the DJA.
>
> \*\*\*
>
> This Court last expounded upon the appealability of an order declaring the rights of parties in ***United States Organizations for Bankruptcy Alternatives, Inc. v. Department of Banking ("USOBA")***, 611 Pa. 370, 26 A.3d 474 (2011). In that decision, the Court provided a rather straightforward two-part test for appellate courts to apply when considering whether an order declaring the rights of parties is final and appealable: (1) what is the effect of the lower court's decision on the scope of the litigation; and (2) what practical effect does the court's decision have on the ultimate outcome of the case. ***USOBA***, 26 A.3d at 479 ("The prevailing considerations in [***Pennsylvania Bankers Ass'n v. Pennsylvania Dep't of Banking*** ("***Pennsylvania Bankers***"), 597 Pa. 1, 948 A.2d 790 (2008),] were the effect of the lower court's decision on the scope of the litigation and the practical effect on the ultimate decision in the case."). If the order in question merely narrows the scope of the litigation and does not resolve the entirety of the parties' eligibility for declaratory relief, then the order is interlocutory and not immediately appealable.

***Pennsylvania Manufacturers' Ass'n Ins. Co. v. Johnson Matthey, Inc.***, \_\_\_Pa.\_\_\_, 188 A.3d 396, 399 (2018) (footnote omitted).

In this case, the lower court's order granting Erie's Motion for Judgment on the Pleadings did not simply narrow the scope of the litigation, but declared Erie had no duty to tender benefits to Mishler under the policy and fully released Erie from the litigation.  Thereafter, the only remaining count in the lawsuit was Mishler's negligence claim against Sube.  Complaint, at ¶ 28.

Similar the facts of **Wickett**, the lower court's order in this case put Erie out of court by resolving the competing declaratory judgment claims in favor of Erie and essentially finding Mishler did not have any viable theory of recovery against Erie.  As the order resolves the entirety of the parties' eligibility for declaratory relief, the order has the force and effect of a final order pursuant to 42 Pa.C.S.A. § 7532.  Thus, we find Mishler properly filed an interlocutory appeal as of right pursuant to Pa.R.A.P. 311(a)(8) and may proceed to review the merits of the case.

Our standard of review is as follows:

> In reviewing a trial court's grant of a motion for judgment on the pleadings, our scope of review is plenary.  **See Vetter v. Fun Footwear Co.,** 447 Pa.Super. 84, 668 A.2d 529, 531 (1995) (*en banc*), *appeal denied,* 544 Pa. 658, 676 A.2d 1199 (1996).  We apply the "same standard employed by the trial court." **Coleman v. Duane Morris, LLP**, 58 A.3d 833, 836 (Pa.Super. 2012) (citations omitted), *appeal granted in part,* 620 Pa. 446, 68 A.3d 328 (2013), *appeal discontinued,* No. 29 EAP 2013 (Pa. September 18, 2013).  "A motion for judgment on the pleadings is similar to a demurrer.  It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law." **Citicorp N. Am. v. Thornton**, 707 A.2d 536, 538 (Pa.Super. 1998) (citation omitted).

*Angino & Rovner v. Jeffrey R. Lessin & Assocs.*, 131 A.3d 502, 507 (Pa.Super. 2016).

Mishler claims that the trial court was automatically precluded from granting Erie's Motion for Judgment on the Pleadings after Mishler filed a Motion for Summary Judgment with his attached affidavit raising "issues of material facts extrinsic to the pleadings or insurance contract." Mishler's Brief, at 11. Mishler claims the trial court was required to give Erie the opportunity to respond to his summary judgment motion pursuant to Pa.R.C.P. 1035.3(a).

However, Mishler's argument has no support under Pennsylvania law. Our rules of civil procedure provide that any party may file a motion for judgment on the pleadings "after the pleadings are closed, but within such time as not to unreasonably delay trial." Pa.R.C.P. 1034(a). Further,

> [*in order to*] *determine whether there are disputed issues of fact, we must confine the scope of our review to the "pleadings and documents properly attached thereto."* *DeSantis v. Prothero*, 916 A.2d 671, 673 (Pa.Super. 2007) (citation omitted). Accordingly, "[we] must accept as true all well[-]pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted." *Lewis v. Erie Ins. Exch.*, 753 A.2d 839, 842 (Pa.Super. 2000) (citations omitted). *No factual material outside of the pleadings may be considered in determining whether there is an action under the law. See Bensalem Twp. Sch. Dist. v. Commonwealth*, 518 Pa. 581, 544 A.2d 1318, 1321 (1988). "We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise." *Coleman*, 58 A.3d at 836.

*Angino & Rovner v. Jeffrey R. Lessin & Assocs.*, 131 A.3d 502, 507 (Pa.Super. 2016) (emphasis added). Moreover, this Court has expressly stated that "[s]ince a motion for judgment on the pleadings is not a motion for summary judgment, no affidavit or depositions may be considered, nor is any matter before the court except the pleadings." *DiAndrea v. Reliance Sav. & Loan Ass'n*, 456 A.2d 1066, 1069 (Pa.Super. 1983).

Given this standard and scope of review, the lower court was required to confine its ruling on Erie's Motion for Judgment on the Pleadings to its review of the relevant pleadings and their pertinent attached documents. Thus, there is no merit to Mishler's argument that the trial court was required to wait for the Erie's response to Mishler's summary judgment motion as the lower court was not permitted to consider any matters outside of the pleadings when ruling on Erie's previously-filed motion.

Moreover, we find that the trial court correctly granted Erie's Motion for Judgment on the Pleadings after finding there were no disputed issues of fact and that Erie was entitled to judgment as a matter of law. In its counterclaim, Erie asserted that it was entitled to a declaratory judgment that it was not required to tender UIM insurance benefits to Mishler due to the applicable policy exclusion for a "regularly used, non-owned vehicle." The parties agreed that at the time of the accident, Mishler was driving a truck that was part of the fleet of vehicles provided by Barron Trucking for use by its employees. However, Mishler claims this exclusion was inapplicable because the truck in

question was not "regularly used," as Mishler had "only driven [the truck] for two trips prior to the accident in question." Complaint, at ¶6.

In a similar case, **Brink v. Erie Ins. Grp.**, 940 A.2d 528, 535 (Pa.Super. 2008), this Court held that a police officer, who was injured in an vehicular accident while responding to an incident during the course and scope of his employment, was not entitled to received UIM benefits under his personal automobile policy due to the application of the policy's "regular use" exclusion. Officer Brink argued that he did not regularly use the vehicle involved in the accident because he was not assigned a specific patrol car, had no vehicle available for his use, and had not been authorized to use a patrol car for personal reasons.

This Court specifically held in **Brink** that "an employee 'regularly uses' a fleet vehicle if he regularly or habitually has access to vehicles in that fleet[;] [r]egular use of any **particular** vehicle is not required." **Id.** (citation omitted) (emphasis in original). In light of this rule, this Court found Officer Brink's use was "regular" under the policy exclusion as he was given access by his police department to the fleet vehicles to perform his duties. This Court noted that "[t]he fact that Officer Brink did not always use the particular vehicle in which the accident occurred, or any other police vehicle on a daily basis, does not govern whether a vehicle was 'available' to him at his employment." **Id**. Accordingly, this Court affirmed the lower court's decision to grant the insurer's Motion for Judgment on the Pleadings on this basis.

In the same manner, we find that the lower court in this case, did not err in finding that the truck Mishler was driving at the time of the accident was excluded from the UIM coverage through his personal automobile policy. The truck at issue was part of Barron Trucking's fleet that was available for Mishler's use at his employment. Mishler regularly used a company truck during his employment. The fact that Mishler had only used the particular vehicle involved in the accident on two prior occasions does not affect our conclusion. **See Brink**, **supra**. As a result, we conclude that the trial court did not err in declaring that Erie had no duty to tender UIM benefits to Mishler for the accident in question.

For the foregoing reasons, we affirm the lower court's order granting Erie's Motion for Judgment on the Pleadings.

Order affirmed. Jurisdiction relinquished. Remand to the lower court for further proceedings.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/31/2019

- 13 -